UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 23-_____     _____ Caption [use short title] _____

Motion for: Petition for Permission to Appeal Pursuant to Fed. R. Civ. P. 23(f)

_____

Set forth below precise, complete statement of relief sought:

Petition for permission to appeal order dated March 16, 2023 granting class certification pursuant to Fed. R. Civ. P. 23(f)

Set Capital LLC et al. v. Credit Suisse Group AG, et. al.

MOVING PARTY: Credit Suisse Group AG, et. al.    OPPOSING PARTY: Set Capital LLC, et. al.

☐ Plaintiff    ☑ Defendant

☐ Appellant/Petitioner    ☐ Appellee/Respondent

MOVING ATTORNEY: Herbert S. Washer    OPPOSING ATTORNEY: Michael Eisenkraft

[name of attorney, with firm, address, phone number and e-mail]

Cahill Gordon & Reindel LLP    Cohen Milstein Sellers & Toll PLLC

32 Old Slip, New York, NY 10005    88 Pine St., 14th Floor, New York, NY 10005

hwasher@cahill.com, (212) 701-3000    meisenkraft@cohenmilstein.com, (212) 838-0177

Court- Judge/ Agency appealed from: The Honorable Analisa Torres, U.S. District Court, Southern District of New York

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes    ☐ No (explain):_____
_____

Opposing counsel's position on motion:
☐ Unopposed  ☐ Opposed  ☑ Don't Know
Does opposing counsel intend to file a response:
☐ Yes    ☐ No    ☑ Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:

Has this request for relief been made below?    ☐ Yes ☐ No
Has this relief been previously sought in this court?    ☐ Yes ☐ No
Requested return date and explanation of emergency: _____
_____
_____
_____
_____

Is oral argument on motion requested?    ☑ Yes    ☐ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    ☐ Yes ☑ No If yes, enter date:_____

Signature of Moving Attorney:

/s/ Herbert S. Washer    Date: March 30, 2023    Service by: ☐ CM/ECF   ☑ Other [Attach proof of service]

# 23-_____

IN THE

# United States Court of Appeals

### FOR THE SECOND CIRCUIT

◆ ◆

SET CAPITAL LLC, STEFAN JAGER, ALEKSANDR GAMBURG, and APOLLO ASSET LIMITED, Individually and on Behalf of All Others Similarly Situated,

*Plaintiffs-Respondents,*

—against—

CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, CREDIT SUISSE INTERNATIONAL, TIDJANE THIAM, DAVID R. MATHERS, JANUS HENDERSON GROUP PLC, JANUS INDEX & CALCULATION SERVICES LLC, and JANUS DISTRIBUTORS LLC d/b/a JANUS HENDERSON DISTRIBUTORS,

*Defendants-Petitioners.*

FROM AN ORDER GRANTING IN PART AND DENYING IN PART CLASS CERTIFICATION ENTERED ON MARCH 16, 2023 BY THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK THE HONORABLE ANALISA TORRES

## PETITION FOR PERMISSION TO APPEAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(f)

HERBERT S. WASHER
EDWARD N. MOSS
TAMMY L. ROY
IVAN TORRES
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, New York 10005
(212) 701-3000

*Attorneys for Defendants-Petitioners*

# FRAP 26.1 CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Petitioners Credit Suisse Group AG, Credit Suisse AG, and Credit Suisse International state the following:

(1) Credit Suisse AG is a wholly-owned subsidiary of Credit Suisse Group AG;

(2) Credit Suisse International is a wholly-owned subsidiary of Credit Suisse Group AG;

(3) Credit Suisse Group AG has no parent company, and no publicly held corporation owns 10 percent or more of its stock.[1]

---

[1] On March 19, 2023, Credit Suisse and UBS announced that they had entered into a merger agreement whereby UBS will be the surviving entity upon closing of the transaction. *See* Credit Suisse Group AG, Form 6-K, (Mar. 20, 2023), https://www.sec.gov/Archives/edgar/data/1159510/000137036823000037/a230320 -6k-cs-ubsmerge.htm.

# TABLE OF CONTENTS

QUESTIONS PRESENTED ...................................................................................1

INTRODUCTION ..............................................................................................2

BACKGROUND ................................................................................................4

ARGUMENT .....................................................................................................8

    I.   This Court Should Review the District Court's Erroneous Decision to Certify the Securities Act Class, Despite Lead Plaintiffs' Failure to Establish Several Rule 23 Requirements, Simply Because those Requirements Overlapped with "Merits" Issues. ..................................................................................................9

    II.   This Court Should Review the District Court's Erroneous Decision to Certify the Securities Act Class Despite Lead Plaintiffs' Failure to Put Forward Any Evidence of their Own Standing. .....................................................................15

CONCLUSION ................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brown* v. *Kelly*,
609 F.3d 467 (2d Cir. 2010) ................................................................12

*In re Dynergy Inc. Sec. Litig.*,
226 F.R.D. 263 (S.D. Tex. 2005)..........................................................14

*Eisen* v. *Carlisle & Jacquelin*,
417 U.S. 156 (1974)........................................................................13, 14

*In re Global Crossing*,
313 F.Supp.2d 189 (S.D.N.Y. 2003) ....................................................17

*Goldman Sachs Group, Inc.* v. *Arkansas Teacher Retirement System*,
141 S. Ct. 1951 (2021)....................................................................3, 11

*In re Grupo Televisa Sec. Litig.*,
2021 WL 2000005 (S.D.N.Y. May 19, 2021) ......................................17

*In re IMAX Sec. Litig.*,
272 F.R.D. 138 (S.D.N.Y. 2010) ..........................................................12

*In re Initial Public Offering Sec. Litig.*,
227 F.R.D. 65 (S.D.N.Y. 2004), *vacated on other grounds*, 471
F.3d 24 (2d Cir. 2006) ...........................................................7, 10, 16

*In re Initial Public Offerings Sec. Litig.*,
471 F.3d 24 (2d Cir. 2006) (*"In re IPO"*)...........................3, 12, 14, 17

*Levitt* v. *J.P. Morgan Sec., Inc.*,
710 F.3d 454 (2d Cir. 2013) ................................................................12

*In re Quarterdeck Office Systems, Inc. Sec. Litig.*,
1993 WL 623310 (C.D. Cal. Sept. 30, 1993) ..............................16, 17

*In re Smart Technologies, Inc. Shareholder Litig.*,
295 F.R.D. 50 (S.D.N.Y. 2013) (*"In re Smart Tech."*).........8, 11, 14, 16

*In re Sumitomo Copper Litig.*,
262 F.3d 134 (2d Cir. 2001) ..................................................................9

*United Food and Commercial Workers Union* v. *Chesapeake Energy Corp.*, 281 F.R.D. 641 (W.D. Okla. 2012) ("*UFCWU*")...................................14

*Wal-Mart Stores, Inc.* v. *Dukes*,
564 U.S. 338 (2011)..................................................................11, 14

*Wallace* v. *IntraLinks*,
302 F.R.D. 310 (S.D.N.Y. 2014) ...................................................6, 7, 11, 14, 16

**Rules**

Fed. R. App. P. 5 ..........................................................................1

Fed. R. Civ. P. 23 .................................................................*passim*

Defendants[2] petition this Court pursuant to Fed. R. Civ. P. 23(f) and Fed. R. App. P. 5 for permission to appeal the Order of the United States District Court for the Southern District of New York (A. Torres) entered on March 16, 2023 (the "Order") (A-664), which certified the following class (the "Securities Act Class") in this action:

> all persons and entities that purchased or acquired [XIV Notes] pursuant to or traceable to [the] Offering Documents, and were damaged thereby.

## QUESTIONS PRESENTED

1.      Whether the District Court erred in certifying the Securities Act Class, even though Lead Plaintiffs put forward no evidence of their own standing (which made them atypical and inadequate) and no class-wide methodology for determining absent class members' standing (which made individualized issues predominate), on the basis that these Rule 23 requirements could be deferred to the "merits," in direct violation of Supreme Court and Second Circuit precedent?

---

[2] Unless otherwise noted, all emphasis is added, quotations and citations are omitted, and alterations are adopted. The Amended Consolidated Class Action Complaint ("Complaint") is the operative complaint in this matter, found on page 1 of the Appendix. Citations to paragraphs in the Complaint are in the form of "A-___ ¶___." Parallel citations to the corresponding pages in the Appendix (and citations to the Appendix generally) are in the form of "A-___."

2. Whether the District Court erred in certifying the Securities Act Class even though Lead Plaintiffs put forward no evidence of their own standing, without any supporting Second Circuit authority for doing so?

## INTRODUCTION

The District Court committed reversible error by certifying a class even though Lead Plaintiffs failed to establish Rule 23's requirements:

- Lead Plaintiffs did not meet Rule 23(a)'s adequacy and typicality requirements because none of them had standing, since none purchased XIV Notes "pursuant to or traceable" to the Challenged Offering.

- Lead Plaintiffs did not meet Rule 23(b)'s predominance requirement because they never proffered any class-wide methodology for determining whether absent class members had standing.

The District Court held that these class certification inquiries could be deferred to a later stage of the litigation because standing—which turns on traceability—overlapped with "merits" issues. This ruling violated Supreme Court and Second Circuit precedent, and no binding authority supports it.

*First*, the District Court's holding that it could defer aspects of the Rule 23 class certification analysis until a later stage because traceability was also a "merits" issue is directly contrary to Supreme Court and Second Circuit precedent. Indeed, the Supreme Court repeatedly has held that "a court has an obligation ***before***

certifying a class to determin[e] that Rule 23 is satisfied, ***even when that requires inquiry into the merits.***"  *Goldman Sachs Group, Inc.* v. *Arkansas Teacher Retirement System*, 141 S. Ct. 1951, 1960–61 (2021).  Similarly, the Second Circuit has explained that "there is no basis for thinking that a specific Rule 23 requirement need not be ***fully established*** just because it concerns, or even overlaps with, an aspect of the ***merits***."  *In re Initial Public Offerings Sec. Litig.*, 471 F.3d 24, 33 (2d Cir. 2006) ("*In re IPO*").  The District Court was wrong in holding the exact opposite.

*Second*, even if some Rule 23 determinations could be deferred beyond the class certification stage (and, as discussed above, they cannot), there is no Second Circuit authority permitting a court to certify a Securities Act class when the class representative has not demonstrated his own standing.  The two cases on which the District Court relied do not address the issue of a class representative's own standing and, thus, do not support the District Court's decision.  For these and the other reasons below, the Court should grant the Petition.

## BACKGROUND

Four investors (the "Lead Plaintiffs"[3]) sought to represent a putative class of investors (the "Securities Act Class") who "purchased or acquired [XIV Notes[4]] pursuant to or traceable to" an offering (the "Challenged Offering") that was governed by a January 29, 2018 Pricing Supplement and the Offering Documents incorporated by reference therein (the "Offering Documents"). A-112; A-254. Lead Plaintiffs claimed, among other things, that the Offering Documents contained misrepresentations. A-124.

The Challenged Offering, which allegedly "brought to the market 4.2 million notes," (A-221; A-96 ¶ 313), was the ***third*** offering of XIV Notes that Credit Suisse made between 2010 and 2018. A-255. As a result of the two prior offerings, ***more than 10 million*** XIV Notes were already trading in the market at the time of the Challenged Offering, which offered 4.2 million more. A-221. The Securities Act Class asserts claims arising from the purchase of XIV Notes pursuant to or traceable to only the Challenged Offering.

---

[3] The four Lead Plaintiffs are: Set Capital LLC ("Set Capital"), Apollo Asset Ltd. ("Apollo"), Aleksandr Gamburg, and Stefan Jager.

[4] XIV Notes are exchange-traded notes that, essentially, represent a bet against market volatility. A-666.

All four Lead Plaintiffs made open market purchases, and none proffered any evidence they purchased XIV Notes "pursuant to or traceable to" the Challenged Offering. A-496 (Jager Tr.); A-509–10 (Fredly Tr.); A-526–28 (Sylvester Tr.); A-534 (Gamburg Tr.). Indeed, when deposed, not one of the Lead Plaintiffs was able to identify any basis to demonstrate the traceability of their own XIV Notes to the Offering Documents. A-496 (Jager Tr.); A-509–10 (Fredly Tr.); A-526–28 (Sylvester Tr.); A-534 (Gamburg Tr.). For example, when asked whether he had any factual basis to support his membership in the Securities Act Class, Mr. Gamburg testified, "I don't have any firsthand information . . . . There is no way for me to personally find out and look whether, you know, whether the shares are traceable to the issuance period after January 29." A-534. Mr. Gamburg also testified that he did not know (i) from whom he purchased his XIV Notes or even (ii) on which exchange he purchased them. A-538–39.

Not only did Lead Plaintiffs fail to put forward any evidence to demonstrate their own standing, none proposed—whether through an expert witness or otherwise—any method for determining whether absent class members purchased XIV Notes "pursuant to or traceable to" the Challenged Offering. A-231.

Nevertheless, despite lacking this most basic evidence, Lead Plaintiffs moved to certify the Securities Act Class and to serve as the class representatives.[5] A-140.

---

[5] Lead Plaintiffs also sought certification of two other proposed classes (the

Defendants opposed certification of the Securities Act Class on several grounds, two of which are relevant to this Petition. First, none of the four Lead Plaintiffs satisfied Rule 23(a)'s adequacy or typicality requirements because they all lacked standing since they failed to offer any evidence to show that they purchased their XIV Notes "pursuant to or traceable" to the Challenged Offering. A-231. Second, Lead Plaintiffs failed to meet Rule 23(b)(3)'s predominance requirement because they did not propose any method for determining whether absent class members had purchased their XIV Notes "pursuant to or traceable to" the Challenged Offering and, as a result, individualized issues—not common ones— would predominate on the threshold issue of standing. A-231.

On March 16, 2023, the District Court certified the Securities Act Class over Defendants' objections. In its Order, the District Court correctly recognized that to have standing to sue under Section 11, a plaintiff must "trace their shares to the allegedly misleading registration statement.'" A-683 (quoting *Wallace* v. *IntraLinks*, 302 F.R.D. 310, 319 (S.D.N.Y. 2014)). It also rightly recognized that "'[t]racing may be established either through proof of a direct chain of title from the original offering to the plaintiff or through proof that the plaintiff bought her shares

---

"Manipulation Class" and the "Misrepresentation Class") but the Order denied certification of both, with leave to renew by May 15, 2023. A-690.

in a market containing only shares issued pursuant to the allegedly defective registration statement.'" A-683. Yet, despite any evidence as to any Lead Plaintiff's or any absent class member's standing, the District Court certified the class.

First, the District Court rejected Defendants' typicality and adequacy arguments, holding that (i) "Plaintiffs' claims are typical because they 'arise from the same series of events and find support in the same legal theories as the claims of all of the remaining class members'"; (ii) "the adequacy requirement is satisfied because Plaintiffs' interests align with those of the proposed Securities Act Class"; and (iii) the failure of any Lead Plaintiff to put forth any evidence of standing was not dispositive because "'*tracing is a merits issue that the court need not consider at the class certification stage*.'" A-682.

Second, the District Court rejected Defendants' argument on predominance because (i) "tracing is *a merits issue*" that can be deferred until after class certification; and (ii) "although traceability may require individualized issues," that somehow does not defeat predominance because "the liability issue, which involves the class-wide issue of whether the Offering Documents contain material misstatements and omissions . . . 'clearly predominates over individualized tracing inquiries.'"[6] A-683–84.

---

[6] Although not the main focus of this Petition, the Court's decision—without analysis—to certify the class because predominance was met as to certain merits issues, even though it was undisputedly not met as to standing, was also incorrect.

In deciding to defer the standing questions because tracing was a "merits" issue, the District Court relied on two Southern District cases: *Wallace*, 302 F.R.D. at 319 and *In re Smart Technologies, Inc. Shareholder Litig.*, 295 F.R.D. 50, 61 (S.D.N.Y. 2013) ("*In re Smart Tech.*"). A-682–84. As discussed below, however, (i) both are directly contrary to Supreme Court and Second Circuit precedent; and (ii) neither stands for the proposition that a class can be certified when the class representative lacks standing.

## ARGUMENT

The District Court plainly erred in certifying the Securities Act Class despite Lead Plaintiffs' failure to meet Rule 23's requirements. Lead Plaintiffs did not demonstrate their own standing, which means they are not adequate or typical as required by Rule 23(a). And their failure to put forth a class-wide methodology for determining standing means they flunk Rule 23(b)'s predominance requirement.

The District Court looked past Lead Plaintiffs' failures to meet these Rule 23 requirements because they all involved the question of "traceability," which the Court said was also a "merits" issue and, thus, could be decided at a later stage. That

*In re Initial Public Offering Sec. Litig.*, 227 F.R.D. 65, 118–19 (S.D.N.Y. 2004), *vacated on other grounds*, 471 F.3d 24 (2d Cir. 2006) (denying class certification for certain class representatives on the basis that "[w]hile some individual class members who purchased after the end of the class period might be able to trace their shares successfully, the resulting inquiry would fragment the class action into myriad mini-trials on the subject of tracing").

decision was wrong because it directly violated Supreme Court and Second Circuit precedent. Moreover, even if a decision on certain Rule 23 requirements could be deferred past the class certification phase (and, according to the Supreme Court, it cannot), the class representatives' own standing is not one of them. Indeed, Defendants are aware of no Second Circuit case certifying a Securities Act class where the lead plaintiff lacked standing, and the District Court did not cite any.

The District Court's clear legal error is appropriate for review under Rule 23(f) because (i) "there has been a substantial showing that the district court's decision is questionable," and (ii) "the certification order implicates a legal question about which there is a compelling need for immediate resolution." *In re Sumitomo Copper Litig.*, 262 F.3d 134, 139 (2d Cir. 2001). The District Court's ruling is "questionable" (at best) because it goes against Supreme Court and Second Circuit precedent. Moreover, because the two Southern District cases on which the District Court relied conflict with binding authority, there is "a compelling need" to immediately resolve the legal question at issue.

**I.**   **This Court Should Review the District Court's Erroneous Decision to Certify the Securities Act Class, Despite Lead Plaintiffs' Failure to Establish Rule 23 Requirements, Simply Because those Requirements Overlapped with "Merits" Issues.**

The District Court erred in certifying the class even though Lead Plaintiffs did not meet Rule 23(a)'s adequacy and typicality requirements or Rule 23(b)'s predominance requirement. In granting class certification despite Lead Plaintiffs'

failure to meet these requirements simply because they overlapped with "merits" issues, the District Court violated Supreme Court and Second Circuit authority.

*Adequacy and Typicality*.  The District Court correctly recognized that (i) to have standing to sue under Section 11, a plaintiff must "trace their shares to the allegedly misleading registration statement; and (ii) "'[t]racing may be established either through proof of a direct chain of title from the original offering to the plaintiff or through proof that the plaintiff bought her shares in a market containing only shares issued pursuant to the allegedly defective registration statement.'"  A-682–83.  But there was no evidence in the record of any "direct chain of title" from the Challenged Offering to any Lead Plaintiff, and it is beyond dispute that no Lead Plaintiff purchased notes in a market "containing only shares issued pursuant to the allegedly defective registration statement," since there were already more than 10 million XIV Notes on the market at the time of the Challenged Offering.  A-230.

With no evidence to demonstrate their own standing, no Lead Plaintiff could satisfy Rule 23(a)'s adequacy or typicality requirements.  *See In re Initial Public Offering Sec. Litig*., 227 F.R.D. at 96 ("[C]lass representatives are atypical with respect to plaintiffs' section 11 classes [when] they are subject to the unique defense that they cannot trace their shares to an allegedly defective registration statement.").

*Predominance*.  In addition to lacking any evidence to demonstrate their own standing, Lead Plaintiffs failed to put forward any methodology (based on expert

testimony or otherwise) that would allow a fact-finder to determine, on a class-wide basis, whether absent class members had standing to pursue Securities Act claims. A-230–31. As a result, individualized issues on standing would predominate, and Lead Plaintiffs could not satisfy Rule 23(b)'s predominance requirement. *In re Initial Public Offering Sec. Litig.*, 227 F.R.D. at 118 (denying class certification for certain class representatives on the basis that "[w]hile some individual class members who purchased after the end of the class period might be able to trace their shares successfully, the resulting inquiry would fragment the class action into myriad mini-trials on the subject of tracing").

Lead Plaintiffs failed to offer to the District Court ***anything*** to try to fill these gaping evidentiary holes. A-563–64. Instead, they urged the District Court to defer its analysis of the Rule 23 requirements to a later stage simply because tracing is a "'merits issue that the court need not consider at the class certification stage.'" A-563 (citing *Wallace*, 302 F.R.D. at 319).

The District Court agreed, relying on two Southern District cases. A-683–84 (citing *Wallace*, 302 F.R.D. at 319 and *In re Smart Tech.*, 295 F.R.D. at 61–62). As discussed below, however, those cases are contrary to binding authority and are based on a line of cases that the Supreme Court itself has said is grounded in a misreading of its precedent.

To begin, the Supreme Court has "repeatedly explained [that] a court has an obligation before certifying a class to 'determin[e] that Rule 23 is satisfied, even when that requires inquiry into the merits.'" *Goldman*, 141 S. Ct. at 1960–61. In *Wal-Mart Stores, Inc.* v. *Dukes*, the Court elaborated on this obligation:

> ***A party seeking class certification must affirmatively demonstrate his compliance with the Rule***—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc. We recognized in *Falcon* that "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question," and that ***certification is proper only if "the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied***." ***Frequently that "rigorous analysis" will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped.*** "'[T]he class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.' Nor is there anything unusual about that consequence: ***The necessity of touching aspects of the merits in order to resolve preliminary matters, e.g., jurisdiction and venue, is a familiar feature of litigation.***"

564 U.S. 338, 351–52 (2011).

As a result of this clear and binding authority, this Court has recognized that "there is no basis for thinking that a specific Rule 23 requirement need not be fully established just because it concerns, or even overlaps with, an aspect of the merits." *In re IPO*, 471 F.3d at 33; *Levitt* v. *J.P. Morgan Sec., Inc.*, 710 F.3d 454, 464–65 (2d Cir. 2013) (holding that, at the class certification stage, a court is "required to make a definitive assessment of Rule 23 requirements, notwithstanding their overlap with merits issues, and [to] resolve material factual disputes relevant to each Rule

23 requirement'"); *Brown* v. *Kelly*, 609 F.3d 467, 476 (2d Cir. 2010) (same)*; see also In re IMAX Sec. Litig.*, 272 F.R.D. 138, 148 (S.D.N.Y. 2010) (holding that a "court's obligation to conduct a rigorous analysis of whether the Rule 23 requirements have been met 'is not lessened by overlap between a Rule 23 requirement and a merits issue, even a merits issue that is identical with a Rule 23 requirement.'").

In reaching the opposite conclusion, the District Court relied on two Southern District cases that directly conflict with this binding precedent. Those cases stem from a line of cases that have misinterpreted one sentence in a 1974 Supreme Court decision. The Supreme Court recognized this "mistake" in *Wal-Mart*:

> A statement in one of our prior cases, *Eisen* v. *Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974), is sometimes **mistakenly cited to the contrary** [for the proposition that a court need not consider on class certification a Rule 23 requirement that overlaps with a merits issue]:
>
> *"We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action."* But in that case, the judge had conducted a preliminary inquiry into the merits of a suit, not in order to determine the propriety of certification under Rules 23(a) and (b) (he had already done that, *see id.*, at 165), but in order to shift the cost of notice required by Rule 23(c)(2) from the plaintiff to the defendants. **To the extent the quoted statement goes beyond the permissibility of a merits inquiry for any other pretrial purpose, it is the purest dictum and is contradicted by our other cases.**
>
> **Perhaps the most common example of considering a merits question at the Rule 23 stage arises in class-action suits for securities fraud**. Rule 23(b)(3)'s requirement that "questions of law or fact common to

> class members predominate over any questions affecting only
> individual members" would often be an insuperable barrier to class
> certification, since each of the individual investors would have to prove
> reliance on the alleged misrepresentation. But the problem dissipates
> if the plaintiffs can establish the applicability of the so-called "fraud on
> the market" presumption, which says that all traders who purchase
> stock in an efficient market are presumed to have relied on the accuracy
> of a company's public statements. ***To invoke this presumption, the
> plaintiffs seeking 23(b)(3) certification must prove that their shares
> were traded on an efficient market***, *Erica P. John Fund, Inc.* v.
> *Halliburton Co.,* 563 U. S. 804, 809 (2011), ***an issue they will surely
> have to prove again at trial in order to make out their case on the
> merits.***

*Wal-Mart*, 564 U.S. at 351 n.6; *see also In re IPO*, 471 F.3d at 33–35 (explaining

that the one *Eisen* sentence "has led some courts to think that in determining whether

any Rule 23 requirement is met, a judge may not consider any aspect of the merits").

It is not surprising, then, that the two cases on which the District Court relied

both adopted this "mistaken" approach, because both can be traced back to *Eisen*.

*Wallace* relied exclusively on *In re Smart Tech*. *See Wallace*, 302 F.R.D. at 319

(citing *In re Smart Tech.*, 295 F.R.D. at 61–62, for the proposition that "tracing is a

merits issue that the court need not consider at the class certification stage"). And

*In re Smart Tech.* relied on two earlier out-of-circuit district court cases (*United

Food and Commercial Workers Union* v. *Chesapeake Energy Corp.*, 281 F.R.D. 641

(W.D. Okla. 2012) ("*UFCWU*") and *In re Dynergy Inc. Sec. Litig.*, 226 F.R.D. 263,

282 (S.D. Tex. 2005)), which ***both rely on the offending sentence*** in *Eisen*. *See

UFCWU*, 281 F.R.D. at 651 ("The Court is not permitted 'to conduct a preliminary

inquiry into the merits of a suit in order to determine whether it may be maintained as a class action.'") (quoting *Eisen*, 417 U.S. at 178); *In re Dynergy*, 226 F.R.D. at 283 (citing *Eisen*, 417 U.S. at 178, for, *inter alia*, the proposition that "district courts have been directed not to reach the merits of the action at the class certification stage of the litigation").

Thus, the District Court's decision to defer consideration of Rule 23(a) and Rule 23(b) requirements simply because they overlapped with "merits" issues was incorrect as a matter of law. This Court should review (and reverse) the District Court's decision.

## II.    This Court Should Review the District Court's Erroneous Decision to Certify the Securities Act Class Despite Lead Plaintiffs' Failure to Put Forward Any Evidence of their Own Standing.

As discussed above, the District Court was required to conduct a "rigorous analysis" of Rule 23's requirements at the class certification stage, and it was not permitted to defer that analysis to a later stage simply because it overlapped with "merits" issues. But even if it were permissible to defer consideration of some Rule 23 requirements (and it is not), Lead Plaintiffs' own standing—which is required to demonstrate adequacy and typicality—is not one of them. Defendants are not aware of any court within the Second Circuit certifying a Securities Act class where the class representatives did not demonstrate their own standing. And the District Court did not cite any such case—in the Second Circuit or any other jurisdiction.

Neither *Wallace* nor *In re Smart Tech.* involved a challenge to the **class representative's own standing**.  Rather, they addressed only the distinct issue of predominance—whether certain categories of **absent class members** could be excluded from the certified class because individualized inquiries with respect to the traceability of those class members' shares would predominate over common issues. *See Wallace*, 302 F.R.D. at 319 (in conducting predominance analysis, denying defendants' request to exclude aftermarket purchasers from class and holding that such purchasers "retain the possibility of obtaining relief through the Section 11 claims" because "tracing is a merits issue that the court need not consider at the class certification stage"); *In re Smart Tech.*, 295 F.R.D. at 60–62 (in conducting predominance analysis, denying defendants' request "for exclusion of any putative class member" who purchased shares in the secondary market because "making an assumption now that an aftermarket purchaser cannot show traceability . . . would preemptively preclude class members, without providing an opportunity to develop the factual issues on which resolution of the tracing question may turn"). Thus, because neither case even involved a challenge to the standing of the class representatives, neither stands for the proposition that a class can be certified despite a class representative's failure to demonstrate his own standing.

To the contrary, a class cannot be certified when the class representative lacks standing because "standing or lack thereof relates to the typicality of their claims

and whether they can adequately represent the absent plaintiffs as required under Rule 23." *In re Quarterdeck Office Systems, Inc. Sec. Litig*., 1993 WL 623310, at *2 (C.D. Cal. Sept. 30, 1993); s*ee In re Initial Public Offering Sec. Litig.*, 227 F.R.D. at 96, 120 (holding that certain "class representatives [we]re atypical with respect to plaintiffs' section 11 classes [because] they are subject to the unique defense that they cannot trace their shares to an allegedly defective registration statement"); *In re Global Crossing*, 313 F.Supp.2d 189, 208 (S.D.N.Y. 2003) (holding that "named plaintiffs lack standing to assert a claim pursuant to section 11, and therefore to represent the class of purchasers of GC common stock traceable to that offering"); *see also In re Quarterdeck*, 1993 WL 623310, at *3 ("Plaintiffs' lack of standing to bring the [Section] 11 claim indicates that their claims are not typical of the claims alleged by the class and that they could not adequately represent the class on this basis."); *Grupo Televisa Sec. Litig.*, 2021 WL 2000005, at *1 (S.D.N.Y. May 19, 2021) ("The Supreme Court has repeatedly held that the class representative must be part of the class").

Here, if the District Court had (as required) considered the question of Lead Plaintiffs' own standing at the class certification stage, the only possible conclusion would have been that they all lacked standing and, thus, could not satisfy Rule 23(a).

As the District Court explained, standing depends on traceability, which can be "'established either through proof of a direct chain of title from the original

offering to the plaintiff or through proof that the plaintiff bought her shares in a market containing only shares issued pursuant to the allegedly defective registration statement.'" A-683 n. 10 (citing *In re IPO*, 471 F.3d at 31 n.1).

But Lead Plaintiffs did not provide any proof of a direct chain of title from their shares to the Challenged Offering. *See* A-496 (Jager Tr.); A-509–10 (Fredly Tr.); A-525–26 (Sylvester Tr.); A-534 (Gamburg Tr.) ("There is no way for me to personally find out and look whether, you know, whether the shares are traceable to the issuance period after January 29."). Nor did they provide proof that any of their shares were purchased in a market containing only shares issued pursuant to the January 2018 Challenged Offering. Of course, that would have been impossible, because there were more than 10 million XIV Notes already in the market before the Challenged Offering. *See* A-255–56.

As a result, all Lead Plaintiffs lacked standing, and the class should not have been certified.

## CONCLUSION

The legal issues presented in this case are of fundamental importance to the litigation of class actions in this jurisdiction. For this and the other reasons above, this case presents an appropriate vehicle for the Court's immediate review pursuant to Fed. R. Civ. P. 23(f). Defendants' Petition should be granted.

March 30, 2023                                    Respectfully submitted,

/s/ Herbert S. Washer
**CAHILL GORDON & REINDEL LLP**
      Herbert S. Washer
      Edward N. Moss
      Tammy L. Roy
      Ivan Torres
32 Old Slip
New York, New York 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420
hwasher@cahill.com
emoss@cahill.com
troy@cahill.com
itorres@cahill.com

*Attorneys for Credit Suisse Group AG, Credit Suisse AG, Credit Suisse International, Tidjane Thiam, and David R. Mathers*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that Petitioners' Brief uses a proportionally spaced Times New Roman typeface, 14-point, and that the text of the Brief comprises 4,453 words according to the word count provided by Microsoft Word 2016 word processing software.

Ivan Torres

## CERTIFICATE OF SERVICE

I am a member of the Bar of this Court and am associated with the firm of Cahill Gordon & Reindel LLP, attorneys for Credit Suisse Group AG, Credit Suisse AG, Credit Suisse International, Tidjane Thiam, and David R. Mathers. I hereby certify under penalty of perjury that on March 30, 2023, I have caused an electronic copy of the foregoing Petition to be transmitted to counsel for the Respondents.

Ivan Torres

**U.S. District Court**
**Southern District of New York (Foley Square)**
**CIVIL DOCKET FOR CASE #: 1:18–cv–02268–AT–SN**

Chahal v. Credit Suisse Group AG et al
Assigned to: Judge Analisa Torres
Referred to: Magistrate Judge Sarah Netburn
Related Cases:  1:18–cv–01593–AT–SN
     1:18–cv–02319–AT–SN
     1:19–cv–02827–AT–SN
     1:18–cv–04045–AT–SN
     1:19–cv–05192–AT–SN
Cause: 15:78j(b)ss Stockholder Suit

Date Filed: 03/14/2018
Jury Demand: Plaintiff
Nature of Suit: 850
Securities/Commodities
Jurisdiction: Federal Question

**Lead Plaintiff**

**Aleksandr Gamberg**

represented by **Alexander A. Krot , III**
Levi & Korsinsky, LLP
1101 30th Street, NW
Ste 115
Washington, DC 20007
202–524–4290
Fax: 212–363–7171
Email: akrot@zlk.com
*ATTORNEY TO BE NOTICED*

**Brendan Rae Schneiderman**
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW
Fifth Floor
Washington, DC 20005
781–572–0456
Email: bschneiderman@cohenmilstein.com
*ATTORNEY TO BE NOTICED*

**David O. Fisher**
Cohen Milstein Sellers & Toll PLLC
88 Pine St.
Ste 14th Floor
New York, NY 10005
212–838–7797
Email: dfisher@cohenmilstein.com
*TERMINATED: 12/23/2022*

**Joshua Handelsman**
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
Suite 500
Washington, DC 20005
202–408–4600
Email: jhandelsman@cohenmilstein.com
*TERMINATED: 03/07/2022*
*ATTORNEY TO BE NOTICED*

**Laura Helen Posner**
Cohen Milstein Sellers & Toll PLLC
88 Pine Street
14th Floor
Ste 14th Floor
New York, NY 10005
212–838–7797
Email: lposner@cohenmilstein.com

*ATTORNEY TO BE NOTICED*

**Michael Benjamin Eisenkraft**
Cohen Milstein Sellers & Toll PLLC
88 Pine Street
14th Floor
New York, NY 10005
(212) 838–7797
Fax: (212) 838–7745
Email: meisenkraft@cohenmilstein.com
*ATTORNEY TO BE NOTICED*

**Lead Plaintiff**

| | | |
|---|---|---|
| **Apollo Asset Limited** | represented by | **Alexander A. Krot , III**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**David O. Fisher**
(See above for address)
*TERMINATED: 12/23/2022*

**Joshua Handelsman**
(See above for address)
*TERMINATED: 03/07/2022*
*ATTORNEY TO BE NOTICED*

**Laura Helen Posner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peretz Bronstein**
Bronstein, Gewirtz & Grossman
60 East 42nd Street, Suite 4600
New York, NY 10165
(212)–697–6484
Fax: (212)–697–7296
Email: peretz@bgandg.com
*ATTORNEY TO BE NOTICED*

**Michael Benjamin Eisenkraft**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lead Plaintiff**

| | | |
|---|---|---|
| **Nikolay Drozhzhinov**<br>*TERMINATED: 12/21/2022* | represented by | **Alexander A. Krot , III**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Brendan Rae Schneiderman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David O. Fisher**
(See above for address)
*TERMINATED: 12/23/2022*

**Joshua Handelsman**
(See above for address)
*TERMINATED: 03/07/2022*
*ATTORNEY TO BE NOTICED*

**Laura Helen Posner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas Ian Porritt**
Levi & Korsinsky, LLP
55 Broadway
10th Floor
10006
New York, NY 10006
212–363–7500
Email: nporritt@zlk.com
*ATTORNEY TO BE NOTICED*

**Michael Benjamin Eisenkraft**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lead Plaintiff**

**Set Capital LLC**                    represented by   **Brendan Rae Schneiderman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura Helen Posner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander A. Krot , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David O. Fisher**
(See above for address)
*TERMINATED: 12/23/2022*

**Joshua Handelsman**
(See above for address)
*TERMINATED: 03/07/2022*
*ATTORNEY TO BE NOTICED*

**Michael Benjamin Eisenkraft**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lead Plaintiff**

**Stefan Jager**                    represented by   **Alexander A. Krot , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brendan Rae Schneiderman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David O. Fisher**
(See above for address)
*TERMINATED: 12/23/2022*

**Joshua Handelsman**
(See above for address)
*TERMINATED: 03/07/2022*
*ATTORNEY TO BE NOTICED*

**Laura Helen Posner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Benjamin Eisenkraft**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Rajan Chahal**
*individually and on behalf of all others
similarly situated*

represented by   **Laura Helen Posner**
Bernstein Litowitz Berger & Grossmann
LLP
1251 Avenue of the Americas
New York, NY 10020
(212)554–1463
Fax: (212)554–1444
Email: lposner@cohenmilstein.com
*ATTORNEY TO BE NOTICED*

**Eduard Korsinsky**
Levi & Korsinsky, LLP
30 Broad Street
24th Flr.
New York, NY 10004
212–363–7500
Fax: 212–363–7171
Email: ek@zlk.com
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Shaolei Qiu**

represented by   **Christopher J. Gray**
Law Office of Christopher J. Gray, P.C
360 Lexington Ave., 14th Floor
New York, NY 10022
(212) 838–3221
Fax: (212) 508–3695
Email: gray@cjgraylaw.com
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Glenn Eisenberg**

<u>**Plaintiff**</u>

**Apollo Asset Ltd**

represented by   **Brendan Rae Schneiderman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peretz Bronstein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Benjamin Eisenkraft**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

<u>**Movant**</u>

**Howard Cannon,**

represented by   **Andrei V. Rado**
Milberg Coleman Bryson Phillips
Grossman PLLC
100 Garden City Plaza
Suite 500

Garden City, NY 11530
212–594–5300
Fax: 212–868–1229
Email: arado@milberg.com
*ATTORNEY TO BE NOTICED*

**Movant**

**Naresh Puri**                          represented by  **Andrei V. Rado**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Nick Singh**                           represented by  **Andrei V. Rado**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Zero Labs Group, LLC**                 represented by  **Andrei V. Rado**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**David Silver and Michelle Lynn Silver  represented by  **Andrei V. Rado**
GST**                                                    (See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Y–GAR Capital LLC**                    represented by  **David Avi Rosenfeld**
Robbins Geller Rudman & Dowd LLP (LI)
58 South Service Road
Suite 200
Melville, NY 11747
631–367–7100
Fax: 631–367–1173
Email: drosenfeld@rgrdlaw.com
*ATTORNEY TO BE NOTICED*

**Movant**

**Kershner Trading Group, LLC**          represented by  **Barbara J. Hart**
Lowey Dannenberg P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
(914) 997–0500
Fax: (914) 997–0035
Email: bhart@gelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**XIV Investor Group**                   represented by  **Adam M. Apton**
Levi & Korsinsky, LLP
55 Broadway, 10th Floor
New York, NY 10006
212–363–7500
Fax: 212–363–7171
Email: aapton@zlk.com
*ATTORNEY TO BE NOTICED*

**Carol V. Gilden**
Cohen Milstein Sellers & Toll PLLC (IL)
190 North LaSalle Street

Chicago, IL 60603
(312) 357 0370
Fax: (312)–357–0369
Email: cgilden@cohenmilstein.com
*ATTORNEY TO BE NOTICED*

**Eric S Berelovich**
U.S. Securities & Exchange Commission
100 F Street NE
Washington, DC 20549
202–551–7799
Email: bereloviche@sec.gov
*TERMINATED: 04/08/2020*
*ATTORNEY TO BE NOTICED*

**Laura Helen Posner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Benjamin Eisenkraft**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas Ian Porritt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

| | | |
|---|---|---|
| **Princeton Opportunistic Credit Fund L.P.** | represented by | **Mark Allen Strauss**<br>Mark A. Strauss Law, PLLC<br>590 Madison Avenue<br>Ste 21st Fl.<br>New York, NY 10022<br>212–729–9496<br>Fax: 212–202–6443<br>Email: mark.strauss@markastrausslaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Movant**

| | | |
|---|---|---|
| **Andrew MacEntee** | represented by | **Michael W. Dark**<br>Berman Tabacco<br>425 California St.<br>Ste 2300<br>San Francisco, CA 94104<br>415–433–3200<br>Email: mikes@hbsslaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **Credit Suisse Group AG** | represented by | **Edward Nathaniel Moss**<br>O'Melveny & Myers, LLP(NYC)<br>7 Times Square<br>New York, NY 10036<br>(212)–326–2000<br>Fax: (212)–326–2061<br>Email: EMoss@cahill.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Ivan Torres**
Cahill Gordon & Reindel LLP
32 Old Slip
New York, NY 10005
212–701–3104
Email: itorres@cahill.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tammy Lynn Roy**
Cahill Gordon & Reindel LLP
32 Old Slip
New York, NY 10005
212–701–3720
Email: troy@cahill.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam Shawn Mintz**
Cahill Gordon & Reindel LLP
32 Old Slip
New York, NY 10005
212–701–3981
Email: amintz@cahill.com
*ATTORNEY TO BE NOTICED*

**David George Januszewski**
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY 10005
212–701–3000
Fax: 212–269–5420
Email: djanuszewski@cahill.com
*ATTORNEY TO BE NOTICED*

**Herbert Scott Washer**
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY 10005
(212)–701–3000
Fax: (212)–269–5420
Email: hwasher@cahill.com
*ATTORNEY TO BE NOTICED*

**Nola Breglio Heller**
Cahill Gordon & Reindel LLP
32 Old Slip
New York, NY 10005
212–701–3008
Email: nheller@cahill.com
*ATTORNEY TO BE NOTICED*

**Peter James Linken**
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY 10005
(212) 701–3000
Fax: (212) 378–4137
Email: peter.linken@freshfields.com
*ATTORNEY TO BE NOTICED*

**Sesi V Garimella**
Cahill Gordon & Reindel LLP
80 Pine Street

New York, NY 10005
(212)–701–3073
Email: sgarimella@cahill.com
*ATTORNEY TO BE NOTICED*

**Sheila Chithran Ramesh**
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY 10005
212–701–3000
Fax: 212–259–5420
Email: sramesh@cahill.com
*ATTORNEY TO BE NOTICED*

**Tara Halsch Curtin**
Cahill Gordon & Reindel LLP
32 Old Slip
New York, NY 10005
212–701–3000
Email: tcurtin@cahill.com
*TERMINATED: 09/22/2021*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **David R Mathers** | represented by | **Edward Nathaniel Moss** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ivan Torres**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tammy Lynn Roy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam Shawn Mintz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David George Januszewski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Herbert Scott Washer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nola Breglio Heller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter James Linken**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sesi V Garimella**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sheila Chithran Ramesh**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Tara Halsch Curtin**
(See above for address)
*TERMINATED: 09/22/2021*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tidjane Thiam**                    represented by    **Edward Nathaniel Moss**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ivan Torres**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tammy Lynn Roy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam Shawn Mintz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David George Januszewski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Herbert Scott Washer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nola Breglio Heller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter James Linken**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sesi V Garimella**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sheila Chithran Ramesh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tara Halsch Curtin**
(See above for address)
*TERMINATED: 09/22/2021*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Credit Suisse AG**                    represented by    **Edward Nathaniel Moss**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ivan Torres**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tammy Lynn Roy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam Shawn Mintz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David George Januszewski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Herbert Scott Washer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nola Breglio Heller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter James Linken**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sesi V Garimella**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sheila Chithran Ramesh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tara Halsch Curtin**
(See above for address)
*TERMINATED: 09/22/2021*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Credit Suisse International**                    represented by   **Edward Nathaniel Moss**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ivan Torres**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tammy Lynn Roy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam Shawn Mintz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David George Januszewski**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Herbert Scott Washer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nola Breglio Heller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter James Linken**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sesi V Garimella**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sheila Chithran Ramesh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tara Halsch Curtin**
(See above for address)
*TERMINATED: 09/22/2021*
*ATTORNEY TO BE NOTICED*

---

**Defendant**

**Janus Henderson Group PLC**
*TERMINATED: 07/01/2021*

represented by    **Jason Michael Halper**
Cadwalader, Wickersham & Taft
200 Liberty Street
New York, NY 10281
212–504–6300
Email: jason.halper@cwt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gillian Groarke Burns**
Cadwalader, Wickersham & Taft LLP
(NYC)
One World Financial Center
New York, NY 10281
(212)–504–5696
Fax: (212)–504–6666
Email: gillian.burns@cwt.com
*ATTORNEY TO BE NOTICED*

**Jared Jon Stanisci**
Cadwalader, Wickersham & Taft LLP
(NYC)
One World Financial Center
New York, NY 10281
(212)–504–6000
Fax: (212)–504–6666
Email: jared.stanisci@cwt.com
*ATTORNEY TO BE NOTICED*

---

**Defendant**

**Janus Index & Calculation Services
LLC**
*TERMINATED: 07/01/2021*

represented by    **Jason Michael Halper**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gillian Groarke Burns**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Jared Jon Stanisci**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Janus Distributors, LLC**          represented by    **Jason Michael Halper**
*TERMINATED: 07/01/2021*                                (See above for address)
*doing business as*                                     *LEAD ATTORNEY*
Janus Henderson Distributors                            *ATTORNEY TO BE NOTICED*
*TERMINATED: 07/01/2021*

                                                        **Gillian Groarke Burns**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Jared Jon Stanisci**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Cboe Futures Exchange, LLC**       represented by    **Gregory M Boyle**
                                                        Jenner & Block LLP (Chicago)
                                                        353 N. Clark Street
                                                        Chicago, IL 60654
                                                        (312) 222–9350
                                                        Fax: (312) 840–7651
                                                        Email: gboyle@jenner.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Miscellaneous**

**BYX Exchange**                     represented by    **Gregory M Boyle**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Miscellaneous**

**BZX Exchange**                     represented by    **Gregory M Boyle**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Miscellaneous**

**EDGA Exchange**                    represented by    **Gregory M Boyle**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Miscellaneous**

**EDGX Exchange**                    represented by    **Gregory M Boyle**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/14/2018 | 1 | COMPLAINT against Credit Suisse Group AG, David R Mathers, Tidjane Thiam. (Filing Fee $ 400.00, Receipt Number 0208–14812819)Document filed by Rajan |

| | | |
|---|---|---|
| | | Chahal. (Attachments: # 1 Exhibit PSLRA Certification & Schedule A)(Korsinsky, Eduard) (Entered: 03/14/2018) |
| 03/14/2018 | 2 | CIVIL COVER SHEET filed. (Korsinsky, Eduard) (Entered: 03/14/2018) |
| 03/14/2018 | 3 | STATEMENT OF RELATEDNESS re: that this action be filed as related to 1:18−cv−01593. Document filed by Rajan Chahal.(Korsinsky, Eduard) (Entered: 03/14/2018) |
| 03/14/2018 | 4 | REQUEST FOR ISSUANCE OF SUMMONS as to Credit Suisse Group AG, re: 1 Complaint. Document filed by Rajan Chahal. (Korsinsky, Eduard) (Entered: 03/14/2018) |
| 03/14/2018 | 5 | REQUEST FOR ISSUANCE OF SUMMONS as to David R. Mathers, re: 1 Complaint. Document filed by Rajan Chahal. (Korsinsky, Eduard) (Entered: 03/14/2018) |
| 03/14/2018 | 6 | REQUEST FOR ISSUANCE OF SUMMONS as to Tidjane Thiam, re: 1 Complaint. Document filed by Rajan Chahal. (Korsinsky, Eduard) (Entered: 03/14/2018) |
| 03/15/2018 | | ***NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Eduard Korsinsky. The party information for the following party has been modified: Rajan Chahal. The information for the party has been modified for the following reason: party text was omitted. (pne) (Entered: 03/15/2018) |
| 03/15/2018 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above−entitled action is assigned to Judge Unassigned. (pne) (Entered: 03/15/2018) |
| 03/15/2018 | | Case Designated ECF. (pne) (Entered: 03/15/2018) |
| 03/15/2018 | | CASE REFERRED TO Judge Analisa Torres as possibly related to 18−cv−1593. (pne) (Entered: 03/15/2018) |
| 03/15/2018 | 7 | NOTICE of Corrected Exhibit to Initial Pleading re: 1 Complaint. Document filed by Rajan Chahal. (Attachments: # 1 Corrected Exhibit A)(Korsinsky, Eduard) (Entered: 03/15/2018) |
| 03/16/2018 | 8 | ELECTRONIC SUMMONS ISSUED as to Credit Suisse Group AG. (pne) (Entered: 03/16/2018) |
| 03/16/2018 | 9 | ELECTRONIC SUMMONS ISSUED as to David R Mathers. (pne) (Entered: 03/16/2018) |
| 03/16/2018 | 10 | ELECTRONIC SUMMONS ISSUED as to Tidjane Thiam. (pne) (Entered: 03/16/2018) |
| 03/19/2018 | | CASE ACCEPTED AS RELATED. Create association to 1:18−cv−01593−AT. Notice of Assignment to follow. (wb) (Entered: 03/19/2018) |
| 03/19/2018 | | NOTICE OF CASE REASSIGNMENT to Judge Analisa Torres. Judge Unassigned is no longer assigned to the case. (wb) (Entered: 03/19/2018) |
| 03/19/2018 | | Magistrate Judge Sarah Netburn is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: http://nysd.uscourts.gov/forms.php. (wb) (Entered: 03/19/2018) |
| 03/20/2018 | 11 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for General Pretrial (includes scheduling, discovery, non−dispositive pretrial motions, and settlement). Referred to Magistrate Judge Sarah Netburn. (Signed by Judge Analisa Torres on 3/20/2018) (cf) (Entered: 03/20/2018) |
| 03/23/2018 | 12 | FIRST AMENDED COMPLAINT amending 1 Complaint against Credit Suisse Group AG, David R Mathers, Tidjane Thiam with JURY DEMAND.Document filed by Rajan Chahal. Related document: 1 Complaint.(Korsinsky, Eduard) (Entered: 03/23/2018) |

| 03/28/2018 | 13 | NOTICE OF APPEARANCE by Herbert Scott Washer on behalf of Credit Suisse Group AG, David R Mathers, Tidjane Thiam. (Washer, Herbert) (Entered: 03/28/2018) |
|---|---|---|
| 03/28/2018 | 14 | NOTICE OF APPEARANCE by David George Januszewski on behalf of Credit Suisse Group AG, David R Mathers, Tidjane Thiam. (Januszewski, David) (Entered: 03/28/2018) |
| 03/28/2018 | 15 | NOTICE OF APPEARANCE by Sheila Chithran Ramesh on behalf of Credit Suisse Group AG, David R Mathers, Tidjane Thiam. (Ramesh, Sheila) (Entered: 03/28/2018) |
| 03/28/2018 | 16 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Credit Suisse Group AG.(Januszewski, David) (Entered: 03/28/2018) |
| 03/28/2018 | 17 | LETTER addressed to Judge Analisa Torres from David G. Januszewski dated March 28, 2018 re: Proposed schedule for further proceedings in this action. Document filed by Credit Suisse Group AG, David R Mathers, Tidjane Thiam.(Januszewski, David) (Entered: 03/28/2018) |
| 03/28/2018 | 18 | NOTICE OF APPEARANCE by Sesi V Garimella on behalf of Credit Suisse Group AG, David R Mathers, Tidjane Thiam. (Garimella, Sesi) (Entered: 03/28/2018) |
| 04/10/2018 | 19 | MEMO ENDORSEMENT: on re: (17 in 1:18–cv–02268–AT–SN) Letter filed by David R Mathers, Credit Suisse Group AG, Tidjane Thiam, (21 in 1:18–cv–02319–AT–SN) Letter filed by Credit Suisse AG. ENDORSEMENT: The parties' motion is GRANTED. The defendants' deadline to respond to the complaints in both of these actions is ADJOUNED sine die. The Court adopts the schedule as outlined in this letter. The plaintiffs are further ORDERED to file a joint letter of no more than two pages, by April 16, 2018, that discusses whether these two cases should be consolidated for all purposes. (Motions due by 5/15/2018. Responses due by 5/29/2018. Replies due by 6/5/2018.) (Signed by Magistrate Judge Sarah Netburn on 4/10/2018) (ap) (Entered: 04/10/2018) |
| 04/26/2018 | 20 | MEMO ENDORSEMENT on re: (28 in 1:18–cv–02319–AT–SN) Letter filed by Glenn Eisenberg. ENDORSEMENT: The Court modifies the schedule as outlined in this letter. So Ordered. ( Motions due by 5/14/2018.) (Signed by Magistrate Judge Sarah Netburn on 4/26/2018) (js) (Entered: 04/27/2018) |
| 05/11/2018 | 21 | LETTER MOTION to Adjourn Conference addressed to Magistrate Judge Sarah Netburn from David G. Januszewski dated May 11, 2018. Document filed by Credit Suisse Group AG, David R Mathers, Tidjane Thiam.(Januszewski, David) (Entered: 05/11/2018) |
| 05/11/2018 | 22 | ORDER granting 21 Letter Motion to Adjourn Conference: The telephone conference set for Monday, May 14, 2018, at 11:00 a.m. is RESCHEDULED for Tuesday, May 15, at 2:30 p.m. At that time, the parties should jointly call Chambers, at (212) 805–0286, with all relevant individuals on the line. Alternatively, the parties may contact Chambers by Monday, May 14, 2018, to provide a call–in number for the conference. Although Judge Torres has not yet referred the related matter, No. 18–CV–4045, to my docket, plaintiff's counsel in that action is encouraged to join the call. The Clerk of Court is requested to terminate the motions at ECF No. 21 (18–CV–2268) and ECF No. 30 (18–CV–2319) (Telephone Conference set for 5/15/2018 at 02:30 PM before Magistrate Judge Sarah Netburn.) (Signed by Magistrate Judge Sarah Netburn on 5/11/2018) (jwh) (Entered: 05/11/2018) |
| 05/11/2018 | | ***DELETED DOCUMENT. Deleted document number 23 ORDER. The document was incorrectly filed in this case. (jwh) (Entered: 05/15/2018) |
| 05/14/2018 | 24 | MOTION to Appoint Shaolei Qiu and Ekhlas Ahmed to serve as lead plaintiff(s) . Document filed by Shaolei Qiu.(Gray, Christopher) (Entered: 05/14/2018) |
| 05/14/2018 | 25 | DECLARATION of Christopher J. Gray in Support re: 24 MOTION to Appoint Shaolei Qiu and Ekhlas Ahmed to serve as lead plaintiff(s) .. Document filed by Shaolei Qiu. (Gray, Christopher) (Entered: 05/14/2018) |
| 05/14/2018 | 26 | MEMORANDUM OF LAW in Support re: 24 MOTION to Appoint Shaolei Qiu and Ekhlas Ahmed to serve as lead plaintiff(s) . . Document filed by Shaolei Qiu. (Gray, |

| | | Christopher) (Entered: 05/14/2018) |
|---|---|---|
| 05/14/2018 | 27 | MOTION to Appoint Howard Cannon, Naresh Puri, Nick Singh, Zero Labs Group, LLC, and David Silver and Michelle Lynn Silver GST to serve as lead plaintiff(s) . Document filed by Howard Cannon,, Naresh Puri, Nick Singh, Zero Labs Group, LLC, David Silver and Michelle Lynn Silver GST. (Attachments: # 1 Text of Proposed Order)(Rado, Andrei) (Entered: 05/14/2018) |
| 05/14/2018 | 28 | MEMORANDUM OF LAW in Support re: 27 MOTION to Appoint Howard Cannon, Naresh Puri, Nick Singh, Zero Labs Group, LLC, and David Silver and Michelle Lynn Silver GST to serve as lead plaintiff(s) . . Document filed by Howard Cannon,, David Silver and Michelle Lynn Silver GST, Naresh Puri, Nick Singh, Zero Labs Group, LLC. (Rado, Andrei) (Entered: 05/14/2018) |
| 05/14/2018 | 29 | MOTION to Consolidate Cases 1:18−cv−02268, 1:18−cv−02319, 1:18−cv−04045 ., MOTION to Appoint Y−GAR Capital, LLC to serve as lead plaintiff(s) ., MOTION to Appoint Counsel . Document filed by Y−GAR Capital LLC. (Attachments: # 1 Text of Proposed Order)(Rosenfeld, David) (Entered: 05/14/2018) |
| 05/14/2018 | 30 | MEMORANDUM OF LAW in Support re: 29 MOTION to Consolidate Cases 1:18−cv−02268, 1:18−cv−02319, 1:18−cv−04045 . MOTION to Appoint Y−GAR Capital, LLC to serve as lead plaintiff(s) . MOTION to Appoint Counsel . . Document filed by Y−GAR Capital LLC. (Rosenfeld, David) (Entered: 05/14/2018) |
| 05/14/2018 | 31 | DECLARATION of Andrei V. Rado in Support re: 27 MOTION to Appoint Howard Cannon, Naresh Puri, Nick Singh, Zero Labs Group, LLC, and David Silver and Michelle Lynn Silver GST to serve as lead plaintiff(s) . Document filed by Howard Cannon,, David Silver and Michelle Lynn Silver GST, Naresh Puri, Nick Singh, Zero Labs Group, LLC. (Attachments: # 1 Exhibit A − 1st notice, # 2 Exhibit B − PSLRA certifications, # 3 Exhibit C − Loss chart, # 4 Exhibit D − Milberg Tadler resume, # 5 Exhibit E − Gibbs resume)(Rado, Andrei) (Entered: 05/14/2018) |
| 05/14/2018 | 32 | DECLARATION of David A. Rosenfeld in Support re: 29 MOTION to Consolidate Cases 1:18−cv−02268, 1:18−cv−02319, 1:18−cv−04045 . MOTION to Appoint Y−GAR Capital, LLC to serve as lead plaintiff(s) . MOTION to Appoint Counsel .. Document filed by Y−GAR Capital LLC. (Attachments: # 1 Exhibit A − Press Release, # 2 Exhibit B− Certification, # 3 Exhibit C− Loss Chart, # 4 Exhibit D − RGRD Firm Resume)(Rosenfeld, David) (Entered: 05/14/2018) |
| 05/14/2018 | 33 | MOTION to Consolidate Cases 1:18−cv−2268, 1:18−cv−2319, 1:18−cv−4045 ., MOTION to Appoint Kershner Trading Group, LLC to serve as lead plaintiff(s) ., MOTION to Appoint Counsel . Document filed by Kershner Trading Group, LLC. (Attachments: # 1 Text of Proposed Order)(Hart, Barbara) (Entered: 05/14/2018) |
| 05/14/2018 | 34 | MEMORANDUM OF LAW in Support re: 33 MOTION to Consolidate Cases 1:18−cv−2268, 1:18−cv−2319, 1:18−cv−4045 . MOTION to Appoint Kershner Trading Group, LLC to serve as lead plaintiff(s) . MOTION to Appoint Counsel . . Document filed by Kershner Trading Group, LLC. (Hart, Barbara) (Entered: 05/14/2018) |
| 05/14/2018 | 35 | DECLARATION of Barbara Hart in Support re: 33 MOTION to Consolidate Cases 1:18−cv−2268, 1:18−cv−2319, 1:18−cv−4045 . MOTION to Appoint Kershner Trading Group, LLC to serve as lead plaintiff(s) . MOTION to Appoint Counsel .. Document filed by Kershner Trading Group, LLC. (Attachments: # 1 Exhibit Certification and Trading Records, # 2 Exhibit Chahal Complaint, # 3 Exhibit Eisenberg Complaint, # 4 Exhibit Qiu Complaint, # 5 Exhibit PSLRA Notice, # 6 Exhibit Lowey Dannenberg Firm Resume)(Hart, Barbara) (Entered: 05/14/2018) |
| 05/14/2018 | 36 | MOTION to Consolidate Cases 1:18−cv−02268, 1:18−cv−02319, 1:18−cv−04045 ., MOTION to Appoint XIV Investor Group to serve as lead plaintiff(s) ., MOTION to Appoint Counsel . Document filed by XIV Investor Group.(Berelovich, Eric) (Entered: 05/14/2018) |
| 05/14/2018 | 37 | MEMORANDUM OF LAW in Support re: 36 MOTION to Appoint Counsel . MOTION to Consolidate Cases 1:18−cv−02268, 1:18−cv−02319, 1:18−cv−04045 . MOTION to Appoint XIV Investor Group to serve as lead plaintiff(s) . . Document filed by XIV Investor Group. (Berelovich, Eric) (Entered: 05/14/2018) |

| | | |
|---|---|---|
| 05/14/2018 | 38 | DECLARATION of Eric S. Berelovich in Support re: 36 MOTION to Appoint Counsel . MOTION to Consolidate Cases 1:18−cv−02268, 1:18−cv−02319, 1:18−cv−04045 . MOTION to Appoint XIV Investor Group to serve as lead plaintiff(s) .. Document filed by XIV Investor Group. (Attachments: # 1 A – Investor Alert, # 2 B1 – Set Capital Certification, # 3 B2 – Set Capital Loss Chart, # 4 C1 – Jager Certification, # 5 C2 – Jager Loss Chart, # 6 D1 – Drozhzhinov Certification, # 7 D2 – Drozhzhinov Loss Chart, # 8 E1 – Gamburg Certification, # 9 E2 – Gamburg Loss Chart, # 10 F1 – ACM Certification, # 11 F2 – ACM Loss Chart, # 12 G – Joint Declaration of the XIV Investor Group, # 13 H – Cohen Milstein Firm Resume, # 14 I – Levi Korsinsky Firm Resume)(Berelovich, Eric) (Entered: 05/14/2018) |
| 05/14/2018 | 39 | MOTION to Consolidate Cases 1:18−cv−02268, 1:18−cv−02319, 1:18−cv−04045 ., MOTION to Appoint the Princeton Opportunistic Credit Fund to serve as lead plaintiff(s) ., MOTION to Appoint Counsel . Document filed by Princeton Opportunistic Credit Fund L.P.. (Attachments: # 1 Text of Proposed Order)(Strauss, Mark) (Entered: 05/14/2018) |
| 05/14/2018 | 40 | MEMORANDUM OF LAW in Support re: 39 MOTION to Consolidate Cases 1:18−cv−02268, 1:18−cv−02319, 1:18−cv−04045 . MOTION to Appoint the Princeton Opportunistic Credit Fund to serve as lead plaintiff(s) . MOTION to Appoint Counsel . . Document filed by Princeton Opportunistic Credit Fund L.P.. (Strauss, Mark) (Entered: 05/14/2018) |
| 05/14/2018 | 41 | DECLARATION of Mark A. Strauss in Support re: 39 MOTION to Consolidate Cases 1:18−cv−02268, 1:18−cv−02319, 1:18−cv−04045 . MOTION to Appoint the Princeton Opportunistic Credit Fund to serve as lead plaintiff(s) . MOTION to Appoint Counsel .. Document filed by Princeton Opportunistic Credit Fund L.P.. (Attachments: # 1 Exhibit 1 – Press Release, # 2 Exhibit 2 – Press Release, # 3 Exhibit 3 – PSLRA Certification, # 4 Exhibit 4 – Loss Chart, # 5 Exhibit 5 – KM Firm Resume)(Strauss, Mark) (Entered: 05/14/2018) |
| 05/14/2018 | 42 | MOTION to Consolidate Cases 1:18−cv−02319, 1:18−cv−04045 *Appoint Andrew MacEntee as Lead Plaintiff and Approve Selection of Lead Counsel*. Document filed by Andrew MacEntee. (Attachments: # 1 Text of Proposed Order)(Stocker, Michael) (Entered: 05/14/2018) |
| 05/14/2018 | 43 | MOTION to Appoint ANDREW MACENTEE to serve as lead plaintiff(s) *Memo of Law In Support of Motion Consolidate Related Cases, Appoint Lead Plaintiff and Appoint Selection of Lead Counsel*. Document filed by Andrew MacEntee.(Stocker, Michael) (Entered: 05/14/2018) |
| 05/14/2018 | 44 | MOTION to Appoint ANDREW MACENTEE to serve as lead plaintiff(s) *Declaration of Michael W. Stocker In Support of Andrew MacEntee Motion to Consolidate Related Cases, Appoint Lead Plaintiff and Approve Selection of Lead Counsel*. Document filed by Andrew MacEntee. (Attachments: # 1 Exhibit A (Certification), # 2 Exhibit B (Loss Charts), # 3 Exhibit C (Notice of Pendency), # 4 Exhibit D (Firm Resume))(Stocker, Michael) (Entered: 05/14/2018) |
| 05/15/2018 | 45 | NOTICE OF APPEARANCE by Michael Benjamin Eisenkraft on behalf of XIV Investor Group. (Eisenkraft, Michael) (Entered: 05/15/2018) |
| 05/21/2018 | 46 | LETTER addressed to Magistrate Judge Sarah Netburn from Christopher J. Gray dated May 21, 2018 re: Withdrawal of EFC No. 34– Ahmed and Qiu Motion for Appointment as Lead Plaintiff. Document filed by Shaolei Qiu.(Gray, Christopher) (Entered: 05/21/2018) |
| 05/21/2018 | 47 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** MOTION for CAROL V. GILDEN to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–15096131. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by XIV Investor Group.(Gilden, Carol) Modified on 5/22/2018 (wb). (Entered: 05/21/2018) |
| 05/22/2018 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE–FILE Document No. 47 MOTION for CAROL V. GILDEN to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–15096131. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Proposed Order; Please put One case number on all the documents you are filing in.;. Re–file the motion as a** |

| | | |
|---|---|---|
| | | **Motion to Appear Pro Hac Vice – attach the correct signed PDF – select the correct named filer/filers – attach valid Certificates of Good Standing issued within the past 30 days – attach Proposed Order.. (wb)** (Entered: 05/22/2018) |
| 05/22/2018 | <u>48</u> | MOTION for CAROL V. GILDEN to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by XIV Investor Group.(Gilden, Carol) (Entered: 05/22/2018) |
| 05/22/2018 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. <u>48</u> MOTION for CAROL V. GILDEN to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 05/22/2018) |
| 05/23/2018 | 49 | ORDER granting <u>48</u> Motion for CAROL V. GILDEN to Appear Pro Hac Vice. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 05/23/2018) |
| 05/29/2018 | <u>50</u> | LETTER addressed to Magistrate Judge Sarah Netburn from Barbara Hart dated May 29, 2018 re: Lead Plaintiff Application of Kershner Trading Group LLC. Document filed by Kershner Trading Group, LLC.(Hart, Barbara) (Entered: 05/29/2018) |
| 05/29/2018 | <u>51</u> | MOTION for Steven J. Toll to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–15126378. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by XIV Investor Group. (Attachments: # <u>1</u> Exhibit A – Affidavit of S. Toll, # <u>2</u> Exhibit B – Certificates of Good Standing, # <u>3</u> Proposed Order)(Berelovich, Eric) (Entered: 05/29/2018) |
| 05/29/2018 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. <u>51</u> MOTION for Steven J. Toll to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–15126378. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 05/29/2018) |
| 05/29/2018 | <u>52</u> | NOTICE of Non–Opposition to Competing Motions for Consolidation, Appointment of Lead Plaintiff and Approval of Selection of Counsel. Document filed by Princeton Opportunistic Credit Fund L.P.. (Strauss, Mark) (Entered: 05/29/2018) |
| 05/29/2018 | <u>53</u> | MEMORANDUM OF LAW in Opposition re: 36 MOTION to Appoint Counsel . MOTION to Consolidate Cases 1:18–cv–02268, 1:18–cv–02319, 1:18–cv–04045 . MOTION to Appoint XIV Investor Group to serve as lead plaintiff(s) ., 39 MOTION to Consolidate Cases 1:18–cv–02268, 1:18–cv–02319, 1:18–cv–04045 . MOTION to Appoint the Princeton Opportunistic Credit Fund to serve as lead plaintiff(s) . MOTION to Appoint Counsel ., 44 MOTION to Appoint ANDREW MACENTEE to serve as lead plaintiff(s) *Declaration of Michael W. Stocker In Support of Andrew MacEntee Motion to Consolidate Related Cases, Appoint Lead Plaintiff and Approve Selection of Lead Counsel.*, 33 MOTION to Consolidate Cases 1:18–cv–2268, 1:18–cv–2319, 1:18–cv–4045 . MOTION to Appoint Kershner Trading Group, LLC to serve as lead plaintiff(s) . MOTION to Appoint Counsel ., 43 MOTION to Appoint ANDREW MACENTEE to serve as lead plaintiff(s) *Memo of Law In Support of Motion Consolidate Related Cases, Appoint Lead Plaintiff and Appoint Selection of Lead Counsel.*, 24 MOTION to Appoint Shaolei Qiu and Ekhlas Ahmed to serve as lead plaintiff(s) ., 42 MOTION to Consolidate Cases 1:18–cv–02319, 1:18–cv–04045 *Appoint Andrew MacEntee as Lead Plaintiff and Approve Selection of Lead Counsel.*, 29 MOTION to Consolidate Cases 1:18–cv–02268, 1:18–cv–02319, 1:18–cv–04045 . MOTION to Appoint Y–GAR Capital, LLC to serve as lead plaintiff(s) . MOTION to Appoint Counsel . *XIV INVESTOR GROUPS MEMORANDUM IN OPPOSITION TO THE OTHER MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL.* Document filed by Howard Cannon,, David Silver and Michelle Lynn Silver GST, Naresh Puri, Nick Singh, Zero Labs Group, LLC. (Rado, Andrei) (Entered: 05/29/2018) |
| 05/29/2018 | <u>54</u> | DECLARATION of Andrei V. Rado in Opposition re: 36 MOTION to Appoint Counsel . MOTION to Consolidate Cases 1:18–cv–02268, 1:18–cv–02319, 1:18–cv–04045 . MOTION to Appoint XIV Investor Group to serve as lead plaintiff(s) ., 44 MOTION to Appoint ANDREW MACENTEE to serve as lead plaintiff(s) *Declaration of Michael W. Stocker In Support of Andrew MacEntee Motion to Consolidate Related Cases, Appoint Lead Plaintiff and Approve Selection of Lead* |

| | | |
|---|---|---|
| | | *Counsel.*, <u>33</u> MOTION to Consolidate Cases 1:18−cv−2268, 1:18−cv−2319, 1:18−cv−4045 . MOTION to Appoint Kershner Trading Group, LLC to serve as lead plaintiff(s) . MOTION to Appoint Counsel ., <u>24</u> MOTION to Appoint Shaolei Qiu and Ekhlas Ahmed to serve as lead plaintiff(s) ., <u>42</u> MOTION to Consolidate Cases 1:18−cv−02319, 1:18−cv−04045 *Appoint Andrew MacEntee as Lead Plaintiff and Approve Selection of Lead Counsel.*, <u>39</u> MOTION to Consolidate Cases 1:18−cv−02268, 1:18−cv−02319, 1:18−cv−04045 . MOTION to Appoint the Princeton Opportunistic Credit Fund to serve as lead plaintiff(s) . MOTION to Appoint Counsel ., <u>43</u> MOTION to Appoint ANDREW MACENTEE to serve as lead plaintiff(s) *Memo of Law In Support of Motion Consolidate Related Cases, Appoint Lead Plaintiff and Appoint Selection of Lead Counsel.*, <u>29</u> MOTION to Consolidate Cases 1:18−cv−02268, 1:18−cv−02319, 1:18−cv−04045 . MOTION to Appoint Y−GAR Capital, LLC to serve as lead plaintiff(s) . MOTION to Appoint Counsel .. Document filed by Howard Cannon,, David Silver and Michelle Lynn Silver GST, Naresh Puri, Nick Singh, Zero Labs Group, LLC. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E)(Rado, Andrei) (Entered: 05/29/2018) |
| 05/29/2018 | <u>55</u> | MEMORANDUM OF LAW in Opposition re: <u>27</u> MOTION to Appoint Howard Cannon, Naresh Puri, Nick Singh, Zero Labs Group, LLC, and David Silver and Michelle Lynn Silver GST to serve as lead plaintiff(s) ., <u>39</u> MOTION to Consolidate Cases 1:18−cv−02268, 1:18−cv−02319, 1:18−cv−04045 . MOTION to Appoint the Princeton Opportunistic Credit Fund to serve as lead plaintiff(s) . MOTION to Appoint Counsel ., <u>33</u> MOTION to Consolidate Cases 1:18−cv−2268, 1:18−cv−2319, 1:18−cv−4045 . MOTION to Appoint Kershner Trading Group, LLC to serve as lead plaintiff(s) . MOTION to Appoint Counsel ., <u>24</u> MOTION to Appoint Shaolei Qiu and Ekhlas Ahmed to serve as lead plaintiff(s) ., <u>42</u> MOTION to Consolidate Cases 1:18−cv−02319, 1:18−cv−04045 *Appoint Andrew MacEntee as Lead Plaintiff and Approve Selection of Lead Counsel.*, <u>29</u> MOTION to Consolidate Cases 1:18−cv−02268, 1:18−cv−02319, 1:18−cv−04045 . MOTION to Appoint Y−GAR Capital, LLC to serve as lead plaintiff(s) . MOTION to Appoint Counsel . . Document filed by XIV Investor Group. (Eisenkraft, Michael) (Entered: 05/29/2018) |
| 05/29/2018 | <u>56</u> | REPLY MEMORANDUM OF LAW in Opposition re: <u>44</u> MOTION to Appoint ANDREW MACENTEE to serve as lead plaintiff(s) *Declaration of Michael W. Stocker In Support of Andrew MacEntee Motion to Consolidate Related Cases, Appoint Lead Plaintiff and Approve Selection of Lead Counsel.*, <u>43</u> MOTION to Appoint ANDREW MACENTEE to serve as lead plaintiff(s) *Memo of Law In Support of Motion Consolidate Related Cases, Appoint Lead Plaintiff and Appoint Selection of Lead Counsel.*, <u>42</u> MOTION to Consolidate Cases 1:18−cv−02319, 1:18−cv−04045 *Appoint Andrew MacEntee as Lead Plaintiff and Approve Selection of Lead Counsel. Memorandum of Law In Further Support of Andrew MacAntee's Motion for Consolidation of Related Cases, Appointment as Lead Plaintiff, Approval of Selection of Lead Counsel and In Opposition to Competing Motions*. Document filed by Andrew MacEntee. (Stocker, Michael) (Entered: 05/29/2018) |
| 05/29/2018 | <u>57</u> | DECLARATION of Michael W. Stocker in Opposition re: <u>44</u> MOTION to Appoint ANDREW MACENTEE to serve as lead plaintiff(s) *Declaration of Michael W. Stocker In Support of Andrew MacEntee Motion to Consolidate Related Cases, Appoint Lead Plaintiff and Approve Selection of Lead Counsel.*, <u>42</u> MOTION to Consolidate Cases 1:18−cv−02319, 1:18−cv−04045 *Appoint Andrew MacEntee as Lead Plaintiff and Approve Selection of Lead Counsel.*, <u>43</u> MOTION to Appoint ANDREW MACENTEE to serve as lead plaintiff(s) *Memo of Law In Support of Motion Consolidate Related Cases, Appoint Lead Plaintiff and Appoint Selection of Lead Counsel.*. Document filed by Andrew MacEntee. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit G)(Stocker, Michael) (Entered: 05/29/2018) |
| 05/29/2018 | <u>58</u> | MEMORANDUM OF LAW in Opposition re: <u>27</u> MOTION to Appoint Howard Cannon, Naresh Puri, Nick Singh, Zero Labs Group, LLC, and David Silver and Michelle Lynn Silver GST to serve as lead plaintiff(s) ., <u>36</u> MOTION to Appoint Counsel . MOTION to Consolidate Cases 1:18−cv−02268, 1:18−cv−02319, 1:18−cv−04045 . MOTION to Appoint XIV Investor Group to serve as lead plaintiff(s) ., <u>44</u> MOTION to Appoint ANDREW MACENTEE to serve as lead plaintiff(s) *Declaration of Michael W. Stocker In Support of Andrew MacEntee Motion to Consolidate Related Cases, Appoint Lead Plaintiff and Approve Selection of Lead* |

| | | |
|---|---|---|
| | | *Counsel.* . Document filed by Y–GAR Capital LLC. (Attachments: # 1 Exhibit 1)(Rosenfeld, David) (Entered: 05/29/2018) |
| 05/30/2018 | 59 | ORDER granting 51 Motion for Steven J. Toll to Appear Pro Hac Vice. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 05/30/2018) |
| 05/30/2018 | 60 | DECLARATION of Eric S. Berelovich in Support re: 36 MOTION to Appoint Counsel . MOTION to Consolidate Cases 1:18–cv–02268, 1:18–cv–02319, 1:18–cv–04045 . MOTION to Appoint XIV Investor Group to serve as lead plaintiff(s) .. Document filed by XIV Investor Group. (Attachments: # 1 Corrected Exhibit F1 – ACM Ltd. Certification)(Berelovich, Eric) (Entered: 05/30/2018) |
| 06/01/2018 | 61 | TRANSCRIPT of Proceedings re: telephone conference held on 5/15/2018 before Magistrate Judge Sarah Netburn. Court Reporter/Transcriber: Carole Ludwig, (212) 420–0771. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/22/2018. Redacted Transcript Deadline set for 7/2/2018. Release of Transcript Restriction set for 8/30/2018.(rro) (Entered: 06/01/2018) |
| 06/01/2018 | 62 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a telephone conference proceeding held on 5/15/2018 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.(rro) (Entered: 06/01/2018) |
| 06/05/2018 | 63 | LETTER addressed to Judge Analisa Torres from David G. Januszewski dated June 5, 2018 re: Commencement of action before the JPML. Document filed by Credit Suisse Group AG, David R Mathers, Tidjane Thiam. (Attachments: # 1 Exhibit Motion to transfer to JPML, # 2 Exhibit Brief, # 3 Exhibit Schedule of Actions, # 4 Exhibit Proof of Service, # 5 Exhibit Chahal docket sheet and complaint, # 6 Exhibit Eisenberg docket sheet and complaint, # 7 Exhibit Qiu docket sheet and complaint, # 8 Exhibit Halbert docket sheet and complaint)(Januszewski, David) (Entered: 06/05/2018) |
| 06/05/2018 | 64 | NOTICE OF CHANGE OF ADDRESS by Michael Walter Stocker on behalf of Andrew MacEntee. New Address: Hagens Berman Sobol Shapiro LLP, 715 Hearst Ave., Suite 202, Berkeley, CA, United States 94710, 5107253000. (Stocker, Michael) (Entered: 06/05/2018) |
| 06/05/2018 | 65 | REPLY MEMORANDUM OF LAW in Support re: 27 MOTION to Appoint Howard Cannon, Naresh Puri, Nick Singh, Zero Labs Group, LLC, and David Silver and Michelle Lynn Silver GST to serve as lead plaintiff(s) . Document filed by Howard Cannon,, David Silver and Michelle Lynn Silver GST, Naresh Puri, Nick Singh, Zero Labs Group, LLC. (Rado, Andrei) (Entered: 06/05/2018) |
| 06/05/2018 | 66 | DECLARATION of Howard Cannon, Naresh Puri, Nick Singh, Zero Labs Group, LLC, David Silver and Michelle Lynn Silver GST in Support re: 27 MOTION to Appoint Howard Cannon, Naresh Puri, Nick Singh, Zero Labs Group, LLC, and David Silver and Michelle Lynn Silver GST to serve as lead plaintiff(s) .. Document filed by Howard Cannon,, David Silver and Michelle Lynn Silver GST, Naresh Puri, Nick Singh, Zero Labs Group, LLC. (Rado, Andrei) (Entered: 06/05/2018) |
| 06/05/2018 | 67 | REPLY MEMORANDUM OF LAW in Support re: 36 MOTION to Appoint Counsel . MOTION to Consolidate Cases 1:18–cv–02268, 1:18–cv–02319, 1:18–cv–04045 . MOTION to Appoint XIV Investor Group to serve as lead plaintiff(s) . . Document filed by XIV Investor Group. (Attachments: # 1 Appendix A)(Eisenkraft, Michael) (Entered: 06/05/2018) |
| 06/05/2018 | 68 | DECLARATION of Eric S. Berelovich in Support re: 36 MOTION to Appoint Counsel . MOTION to Consolidate Cases 1:18–cv–02268, 1:18–cv–02319, 1:18–cv–04045 . MOTION to Appoint XIV Investor Group to serve as lead plaintiff(s) .. Document filed by XIV Investor Group. (Attachments: # 1 Exhibit A – Supplemental Joint Declaration, # 2 Exhibit B – ACM Declaration)(Eisenkraft, Michael) (Entered: 06/05/2018) |

| 06/05/2018 | 69 | REPLY MEMORANDUM OF LAW in Support re: 44 MOTION to Appoint ANDREW MACENTEE to serve as lead plaintiff(s) *Declaration of Michael W. Stocker In Support of Andrew MacEntee Motion to Consolidate Related Cases, Appoint Lead Plaintiff and Approve Selection of Lead Counsel.*, 43 MOTION to Appoint ANDREW MACENTEE to serve as lead plaintiff(s) *Memo of Law In Support of Motion Consolidate Related Cases, Appoint Lead Plaintiff and Appoint Selection of Lead Counsel.*, 42 MOTION to Consolidate Cases 1:18–cv–02319, 1:18–cv–04045 *Appoint Andrew MacEntee as Lead Plaintiff and Approve Selection of Lead Counsel. In Further Support of Andrew MacEntee's Motion for Consolidation of Related Cases, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel.* Document filed by Andrew MacEntee. (Stocker, Michael) (Entered: 06/05/2018) |
| 06/05/2018 | 70 | DECLARATION of Michael W. Stocker in Support re: 44 MOTION to Appoint ANDREW MACENTEE to serve as lead plaintiff(s) *Declaration of Michael W. Stocker In Support of Andrew MacEntee Motion to Consolidate Related Cases, Appoint Lead Plaintiff and Approve Selection of Lead Counsel.*, 43 MOTION to Appoint ANDREW MACENTEE to serve as lead plaintiff(s) *Memo of Law In Support of Motion Consolidate Related Cases, Appoint Lead Plaintiff and Appoint Selection of Lead Counsel.*, 42 MOTION to Consolidate Cases 1:18–cv–02319, 1:18–cv–04045 *Appoint Andrew MacEntee as Lead Plaintiff and Approve Selection of Lead Counsel..* Document filed by Andrew MacEntee. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Stocker, Michael) (Entered: 06/05/2018) |
| 06/05/2018 | 71 | REPLY MEMORANDUM OF LAW in Support re: 29 MOTION to Consolidate Cases 1:18–cv–02268, 1:18–cv–02319, 1:18–cv–04045 . MOTION to Appoint Y–GAR Capital, LLC to serve as lead plaintiff(s) . MOTION to Appoint Counsel . . Document filed by Y–GAR Capital LLC. (Rosenfeld, David) (Entered: 06/05/2018) |
| 06/05/2018 | 72 | REPLY AFFIDAVIT of David A. Rosenfeld in Support re: 29 MOTION to Consolidate Cases 1:18–cv–02268, 1:18–cv–02319, 1:18–cv–04045 . MOTION to Appoint Y–GAR Capital, LLC to serve as lead plaintiff(s) . MOTION to Appoint Counsel .. Document filed by Y–GAR Capital LLC. (Attachments: # 1 Exhibit A – Declaration of Bobby Yadegar)(Rosenfeld, David) (Entered: 06/05/2018) |
| 06/07/2018 | 73 | LETTER addressed to Magistrate Judge Sarah Netburn from Michael Eisenkraft dated June 7, 2018 re: Correction of Erroneous Information in Reply Memorandum of Andrew Macentee (Dkt. No. 69). Document filed by XIV Investor Group. (Attachments: # 1 Supplemental Declaration of ACM, Ltd.)(Eisenkraft, Michael) (Entered: 06/07/2018) |
| 06/21/2018 | 74 | OPINION AND ORDER re: (27 in 1:18–cv–02268–AT–SN) MOTION to Appoint Howard Cannon, Naresh Puri, Nick Singh, Zero Labs Group, LLC, and David Silver and Michelle Lynn Silver GST to serve as lead plaintiff(s), filed by David Silver and Michelle Lynn Silver GST, Zero Labs Group, LLC, Nick Singh, Naresh Puri, Howard Cannon, (36 in 1:18–cv–02268–AT–SN, 36 in 1:18–cv–02268–AT–SN, 36 in 1:18–cv–02268–AT–SN) MOTION to Appoint Counsel, MOTION to Consolidate Cases 1:18–cv–02268, 1:18–cv–02319, 1:18–cv–04045, MOTION to Appoint XIV Investor Group to serve as lead plaintiff(s), filed by XIV Investor Group, (39 in 1:18–cv–02268–AT–SN, 39 in 1:18–cv–02268–AT–SN, 39 in 1:18–cv–02268–AT–SN) MOTION to Consolidate Cases 1:18–cv–02268, 1:18–cv–02319, 1:18–cv–04045, MOTION to Appoint the Princeton Opportunistic Credit Fund to serve as lead plaintiff(s), MOTION to Appoint Counsel, filed by Princeton Opportunistic Credit Fund L.P., (9 in 1:18–cv–04045–AT–SN, 9 in 1:18–cv–04045–AT–SN, 9 in 1:18–cv–04045–AT–SN) MOTION to Consolidate Cases 1:18–cv–2268, 1:18–cv–2319, 1:18–cv–4045, MOTION to Appoint Kershner Trading Group, LLC to serve as lead plaintiff(s), MOTION to Appoint Counsel, filed by Kershner Trading Group, LLC, (44 in 1:18–cv–02268–AT–SN) MOTION to Appoint ANDREW MACENTEE to serve as lead plaintiff(s) Declaration of Michael W. Stocker In Support of Andrew MacEntee Motion to Consolidate Related Cases, Appoint Lead Plaintiff and Approve Selection of Lead Counsel, filed by Andrew MacEntee, (33 in 1:18–cv–02268–AT–SN, 33 in 1:18–cv–02268–AT–SN, 33 in 1:18–cv–02268–AT–SN) MOTION to Consolidate Cases 1:18–cv–2268, 1:18–cv–2319, 1:18–cv–4045, MOTION to Appoint Kershner Trading Group, LLC to serve as lead plaintiff(s), MOTION to Appoint Counsel, filed by Kershner Trading Group, LLC, (35 in 1:18–cv–02319–AT–SN, 35 in 1:18–cv–02319–AT–SN, 35 in 1:18–cv–02319–AT–SN) MOTION to Consolidate Cases 1:18–cv–02268, |

| | | |
|---|---|---|
| | | 1:18–cv–02319, 1:18–cv–04045, MOTION to Appoint the Princeton Opportunistic Credit Fund L.P. to serve as lead plaintiff(s), MOTION to Appoint Counsel, filed by Princeton Opportunistic Credit Fund L.P., (43 in 1:18–cv–02268–AT–SN) MOTION to Appoint ANDREW MACENTEE to serve as lead plaintiff(s) Memo of Law In Support of Motion Consolidate Related Cases, Appoint Lead Plaintiff and Appoint Selection of Lead Counsel, filed by Andrew MacEntee, (6 in 1:18–cv–04045–AT–SN) MOTION to Appoint Shaolei Qiu and Ekhlas Ahmed to serve as lead plaintiff(s), filed by Shaolei Qiu, (12 in 1:18–cv–04045–AT–SN, 12 in 1:18–cv–04045–AT–SN, 12 in 1:18–cv–04045–AT–SN) MOTION to Consolidate Cases 1:18–cv–02268, 1:18–cv–02319, 1:18–cv–04045, MOTION to Appoint the Princeton Opportunistic Credit Fund L.P. to serve as lead plaintiff(s), MOTION to Appoint Counsel, filed by Princeton Opportunistic Credit Fund L.P., (24 in 1:18–cv–02268–AT–SN) MOTION to Appoint Shaolei Qiu and Ekhlas Ahmed to serve as lead plaintiff(s), filed by Shaolei Qiu, (42 in 1:18–cv–02268–AT–SN) MOTION to Consolidate Cases 1:18–cv–02319, 1:18–cv–04045 Appoint Andrew MacEntee as Lead Plaintiff and Approve Selection of Lead Counsel, filed by Andrew MacEntee, (29 in 1:18–cv–02268–AT–SN, 29 in 1:18–cv–02268–AT–SN, 29 in 1:18–cv–02268–AT–SN) MOTION to Consolidate Cases 1:18–cv–02268, 1:18–cv–02319, 1:18–cv–04045, MOTION to Appoint Y–GAR Capital, LLC to serve as lead plaintiff(s), MOTION to Appoint Counsel, filed by Y–GAR Trading Group, LLC, (32 in 1:18–cv–02319–AT–SN, 32 in 1:18–cv–02319–AT–SN, 32 in 1:18–cv–02319–AT–SN) MOTION to Consolidate Cases 1:18–cv–2268, 1:18–cv–2319, 1:18–cv–4045, MOTION to Appoint Kershner Trading Group, LLC to serve as lead plaintiff(s), MOTION to Appoint Counsel, filed by Kershner Trading Group, LLC. No party has requested a stay pending the decision of the JPML, and the motions for appointment of lead plaintiff and lead counsel for the three actions pending in this District are fully briefed. By contrast, in the Halbert action, the case is stayed and no lead plaintiff briefing has taken place. ECF No. 15, 18–CIV–00615. Because Rule 2.1 of the Rules of Procedure of the JPML specifically notes that the pendency of a motion before the panel does not suspend orders and pretrial proceedings in the district court, and because any stay would be inefficient given the advanced stage of motions practice here, the Court declines to order a stay sua sponte. Multidistrict Lit. R. 2.1(d); see also In re Duke Energy Corp. Sec. Litig., No. 02–CIV–3960 (JSR), 2002 WL 1933798, at *1 (S.D.N.Y. Aug. 20, 2002) (concluding the filing of a motion before the JPML does not require the court to defer its consideration of the motions for appointment of lead plaintiff); Albert Fadem Trust v. Worldcom, Inc., No. 02–CIV–3288 (DLC), 2002 WL 1485257, at *2 (S.D.N.Y. July 12, 2002) (same). Cf. Sevel v. AOL Time Warner, Inc., 232 F. Supp. 2d 615, 616 (E.D. Va. 2002) (staying the decision to appoint lead plaintiff pending the JPML decision before any briefing had taken place)...The ACM Group's motion for appointment as lead plaintiff and to approve its selection of Cohen Milstein Sellers & Toll PLLC and Levi Korinsky as co–lead counsel is GRANTED. The correlating motions filed by the Cannon Group, Y–GAR Capital and Andrew MacEntee are DENIED. The Clerk of Court is directed to terminate the motions at ECF Nos. 24, 27, 29, 33, 36, 39, 42, 43, and 44 in 18–CIV–2268, ECF Nos. 32 and 35 in 18–CIV–2319, and ECF Nos. 6, 9, and 12 in 18–CIV–4045. Unless otherwise ordered by the Court, the ACM Group shall file an amended consolidated class action complaint 60 days from the date of this Order & Opinion. Defendants shall answer or otherwise move against the amended consolidated class action complaint 60 days from its filing. In the event of a motion to dismiss, the ACM Group shall oppose within 60 days and the Defendants may reply 30 days after any opposition. (Signed by Magistrate Judge Sarah Netburn on 6/21/2018) (ras) (Entered: 06/21/2018) |
| 07/05/2018 | 75 | Objection re: 74 Memorandum & Opinion,,,,,,,,,,,,,,,,,,,,,,,, *Lead Plaintiff Movant Y–Gar Capital LLC's Objection and Supporting Arguments to the June 21, 2018 Opinion and Order of the United States Magistrate Judge*. Document filed by Y–GAR Capital LLC. (Rosenfeld, David) (Entered: 07/05/2018) |
| 07/06/2018 | | ORDER re: 75 Objection (non–motion), filed by Y–GAR Capital LLC. Any opposition to Y–Gar Capital LLC's ("Y–GAR") objection to Judge Netburn's Opinion and Order, ECF No. 74, shall be filed by July 12, 2018. Y–GAR shall file its reply, if any, by July 17, 2018. (Signed by Judge Analisa Torres on 7/6/2018) (Torres, Analisa) (Entered: 07/06/2018) |

| | | |
|---|---|---|
| 07/12/2018 | 76 | NOTICE OF APPEARANCE by Adam M. Apton on behalf of XIV Investor Group. (Apton, Adam) (Entered: 07/12/2018) |
| 07/12/2018 | 77 | OPPOSITION BRIEF re: 75 Objection (non–motion), . Document filed by XIV Investor Group.(Apton, Adam) (Entered: 07/12/2018) |
| 07/13/2018 | 78 | NOTICE OF APPEARANCE by Laura Helen Posner on behalf of XIV Investor Group. (Posner, Laura) (Entered: 07/13/2018) |
| 07/17/2018 | 79 | REPLY re: 77 Opposition Brief . Document filed by Y–GAR Capital LLC. (Rosenfeld, David) (Entered: 07/17/2018) |
| 07/20/2018 | 80 | NOTICE OF APPEARANCE by Nicholas Ian Porritt on behalf of XIV Investor Group. (Porritt, Nicholas) (Entered: 07/20/2018) |
| 08/02/2018 | 81 | CERTIFIED TRUE COPY OF MDL ORDER FROM THE MDL PANEL DENYING TRANSFER....that the motion, pursuant to 28 U.S.C. 1407(c), for transfer of the action to the United States District Court – Southern District of New York, be, and the same hereby is denied. (Signed by MDL Panel on 8/1/2018) Filed In Associated Cases: 1:18–cv–02268–AT–SN, 1:18–cv–02319–AT–SN, 1:18–cv–04045–AT–SN(sjo) (Entered: 08/02/2018) |
| 08/20/2018 | 82 | AMENDED COMPLAINT amending 1 Complaint against Credit Suisse Group AG, David R Mathers, Tidjane Thiam, Credit Suisse AG, Credit Suisse International, Janus Henderson Group PLC, Janus Index & Calculation Services LLC, Janus Distributors, LLC with JURY DEMAND.Document filed by XIV Investor Group. Related document: 1 Complaint.(Eisenkraft, Michael) (Entered: 08/20/2018) |
| 08/21/2018 | | **\*\*\*NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Michael Benjamin Eisenkraft. The party information for the following party/parties has been modified: Credit Suisse AG; Credit suisse International; Janus Henderson Group PLC; Janus Index & Calculation Services LLC; Janus Distributors LLC. The information for the party/parties has been modified for the following reason/reasons: party role was entered incorrectly; alias party name was omitted. (sj)** (Entered: 08/21/2018) |
| 08/27/2018 | 83 | ORDER: For the reasons stated above, Y–GAR Capital's objection to the Opinion and Order, ECF No. 75, is overruled. (Signed by Judge Analisa Torres on 8/27/2018) Filed In Associated Cases: 1:18–cv–02268–AT–SN, 1:18–cv–02319–AT–SN, 1:18–cv–04045–AT–SN(mro) (Entered: 08/27/2018) |
| 09/20/2018 | 84 | NOTICE OF CHANGE OF ADDRESS by Adam M. Apton on behalf of XIV Investor Group. New Address: Levi & Korsinsky, LLP, 55 Broadway, 10th Floor, New York, New York, United States 10006, 2123637500. (Apton, Adam) (Entered: 09/20/2018) |
| 09/21/2018 | 85 | WAIVER OF SERVICE RETURNED EXECUTED. Credit Suisse Group AG waiver sent on 9/17/2018, answer due 12/17/2018. Document filed by XIV Investor Group. (Posner, Laura) (Entered: 09/21/2018) |
| 09/21/2018 | 86 | WAIVER OF SERVICE RETURNED EXECUTED. Tidjane Thiam waiver sent on 9/17/2018, answer due 12/17/2018. Document filed by XIV Investor Group. (Posner, Laura) (Entered: 09/21/2018) |
| 09/21/2018 | 87 | WAIVER OF SERVICE RETURNED EXECUTED. David R Mathers waiver sent on 9/17/2018, answer due 12/17/2018. Document filed by XIV Investor Group. (Posner, Laura) (Entered: 09/21/2018) |
| 09/21/2018 | 88 | WAIVER OF SERVICE RETURNED EXECUTED. Credit Suisse International waiver sent on 9/11/2018, answer due 12/10/2018. Document filed by XIV Investor Group. (Posner, Laura) (Entered: 09/21/2018) |
| 09/26/2018 | 89 | WAIVER OF SERVICE RETURNED EXECUTED. Janus Henderson Group PLC waiver sent on 9/17/2018, answer due 11/16/2018. Document filed by XIV Investor Group. (Posner, Laura) (Entered: 09/26/2018) |
| 09/26/2018 | 90 | WAIVER OF SERVICE RETURNED EXECUTED. Janus Distributors, LLC waiver sent on 9/17/2018, answer due 11/16/2018. Document filed by XIV Investor Group. (Posner, Laura) (Entered: 09/26/2018) |

| | | |
|---|---|---|
| 09/28/2018 | 91 | NOTICE OF APPEARANCE by Sesi V Garimella on behalf of Credit Suisse AG, Credit Suisse International. (Garimella, Sesi) (Entered: 09/28/2018) |
| 09/28/2018 | 92 | NOTICE OF APPEARANCE by Herbert Scott Washer on behalf of Credit Suisse AG, Credit Suisse International. (Washer, Herbert) (Entered: 09/28/2018) |
| 09/28/2018 | 93 | NOTICE OF APPEARANCE by Sheila Chithran Ramesh on behalf of Credit Suisse AG, Credit Suisse International. (Ramesh, Sheila) (Entered: 09/28/2018) |
| 09/28/2018 | 94 | NOTICE OF APPEARANCE by David George Januszewski on behalf of Credit Suisse AG, Credit Suisse International. (Januszewski, David) (Entered: 09/28/2018) |
| 09/28/2018 | 95 | NOTICE OF APPEARANCE by Peter James Linken on behalf of Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam. (Linken, Peter) (Entered: 09/28/2018) |
| 10/02/2018 | 96 | NOTICE OF APPEARANCE by Jason Michael Halper on behalf of Janus Distributors, LLC, Janus Henderson Group PLC, Janus Index & Calculation Services LLC. (Halper, Jason) (Entered: 10/02/2018) |
| 10/02/2018 | 97 | NOTICE OF APPEARANCE by Jared Jon Stanisci on behalf of Janus Distributors, LLC, Janus Henderson Group PLC, Janus Index & Calculation Services LLC. (Stanisci, Jared) (Entered: 10/02/2018) |
| 10/02/2018 | 98 | NOTICE OF APPEARANCE by Gillian Groarke Burns on behalf of Janus Distributors, LLC, Janus Henderson Group PLC, Janus Index & Calculation Services LLC. (Burns, Gillian) (Entered: 10/02/2018) |
| 10/12/2018 | 99 | LETTER MOTION for Extension of Time addressed to Magistrate Judge Sarah Netburn from Sheila C. Ramesh dated October 12, 2018. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam.(Ramesh, Sheila) (Entered: 10/12/2018) |
| 10/12/2018 | 100 | ORDER granting 99 Letter Motion for Extension of Time. GRANTED. By November 2, 2018, Defendants shall file their motion to dismiss. By December 21, 2018, Plaintiffs shall file their opposition. By January 17, 2019, Defendants shall file their reply brief. Motions due by 11/20/2018. (Signed by Judge Analisa Torres on 10/12/2018) (cf) (Entered: 10/12/2018) |
| 10/12/2018 | | Set/Reset Deadlines: Responses due by 12/21/2018 Replies due by 1/17/2019. (cf) (Entered: 10/12/2018) |
| 11/02/2018 | 101 | MOTION to Dismiss *the Class Action Complaint for Failure to State a Claim*. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam.(Januszewski, David) (Entered: 11/02/2018) |
| 11/02/2018 | 102 | MEMORANDUM OF LAW in Support re: 101 MOTION to Dismiss *the Class Action Complaint for Failure to State a Claim*. . Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam. (Januszewski, David) (Entered: 11/02/2018) |
| 11/02/2018 | 103 | DECLARATION of Peter J. Linken in Support re: 101 MOTION to Dismiss *the Class Action Complaint for Failure to State a Claim*.. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam. (Attachments: # 1 Exhibit A – January 29, 2018 Pricing Supplement, # 2 Exhibit B – February 6, 2018 Press Release, # 3 Exhibit C – Reuters' April 30, 2018 Article, # 4 Exhibit D – February 14, 2018 Press Release)(Linken, Peter) (Entered: 11/02/2018) |
| 11/02/2018 | 104 | LETTER MOTION for Oral Argument addressed to Judge Analisa Torres from David G. Januszewski dated November 2, 2018. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam.(Januszewski, David) (Entered: 11/02/2018) |
| 11/02/2018 | 105 | MOTION to Dismiss *the Consolidated Class Action Complaint*. Document filed by Janus Distributors, LLC, Janus Henderson Group PLC, Janus Index & Calculation Services LLC.(Halper, Jason) (Entered: 11/02/2018) |

| 11/02/2018 | 106 | MEMORANDUM OF LAW in Support re: 105 MOTION to Dismiss *the Consolidated Class Action Complaint.*. Document filed by Janus Distributors, LLC, Janus Henderson Group PLC, Janus Index & Calculation Services LLC. (Halper, Jason) (Entered: 11/02/2018) |
|---|---|---|
| 11/02/2018 | 107 | DECLARATION of Jason M. Halper in Support re: 105 MOTION to Dismiss *the Consolidated Class Action Complaint.*. Document filed by Janus Distributors, LLC, Janus Henderson Group PLC, Janus Index & Calculation Services LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Halper, Jason) (Entered: 11/02/2018) |
| 11/02/2018 | 108 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Janus Henderson Group PLC, Corporate Parent Janus Capital Group Inc., Corporate Parent Janus Capital Management LLC, Other Affiliate Dai−ichi Life Holdings, Inc. for Janus Distributors, LLC; Corporate Parent Janus Henderson Group PLC, Corporate Parent VS Holdings Inc., Corporate Parent Janus Capital Group Inc., Other Affiliate Dai−ichi Life Holdings, Inc. for Janus Index & Calculation Services LLC; Other Affiliate Dai−ichi Life Holdings, Inc. for Janus Henderson Group PLC. Document filed by Janus Distributors, LLC, Janus Henderson Group PLC, Janus Index & Calculation Services LLC.(Halper, Jason) (Entered: 11/02/2018) |
| 11/05/2018 | 109 | ORDER denying 104 Letter Motion for Oral Argument. DENIED. The court will resolve the motion on the papers. (Signed by Judge Analisa Torres on 11/5/2018) (cf) (Entered: 11/05/2018) |
| 11/09/2018 | 110 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Credit Suisse Group AG for Credit Suisse International. Document filed by Credit Suisse International.(Januszewski, David) (Entered: 11/09/2018) |
| 12/13/2018 | 111 | LETTER MOTION for Leave to File Excess Pages *in a single Omnibus Opposition Brief* addressed to Magistrate Judge Sarah Netburn from Laura Posner dated December 13, 2018. Document filed by Rajan Chahal.(Posner, Laura) (Entered: 12/13/2018) |
| 12/13/2018 | 112 | ORDER granting 111 Letter Motion for Leave to File Excess Pages. GRANTED. (Signed by Judge Analisa Torres on 12/13/2018) (mro) (Entered: 12/14/2018) |
| 12/17/2018 | 113 | AMENDED ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Dispositive Motion (i.e., motion requiring a Report and Recommendation). Particular Motion: 18 Civ. 2268 ECF Nos. 101, 105 and General Pretrial (includes scheduling, discovery, non−dispositive pretrial motions, and settlement) Referred to Magistrate Judge Sarah Netburn. (Signed by Judge Analisa Torres on 12/17/2018) Filed In Associated Cases: 1:18−cv−02268−AT−SN, 1:18−cv−02319−AT−SN, 1:18−cv−04045−AT−SN(cf) (Entered: 12/17/2018) |
| 12/21/2018 | 114 | MEMORANDUM OF LAW in Opposition re: 105 MOTION to Dismiss *the Consolidated Class Action Complaint.*, 101 MOTION to Dismiss *the Class Action Complaint for Failure to State a Claim.*. Document filed by XIV Investor Group. (Posner, Laura) (Entered: 12/21/2018) |
| 12/21/2018 | 115 | DECLARATION of Laura H. Posner in Opposition re: 105 MOTION to Dismiss *the Consolidated Class Action Complaint.*, 101 MOTION to Dismiss *the Class Action Complaint for Failure to State a Claim.*. Document filed by XIV Investor Group. (Posner, Laura) (Entered: 12/21/2018) |
| 01/17/2019 | 116 | REPLY MEMORANDUM OF LAW in Support re: 101 MOTION to Dismiss *the Class Action Complaint for Failure to State a Claim.*. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam. (Januszewski, David) (Entered: 01/17/2019) |
| 01/17/2019 | 117 | REPLY MEMORANDUM OF LAW in Support re: 105 MOTION to Dismiss *the Consolidated Class Action Complaint.*. Document filed by Janus Distributors, LLC, Janus Henderson Group PLC, Janus Index & Calculation Services LLC. (Halper, Jason) (Entered: 01/17/2019) |
| 01/17/2019 | 118 | LETTER MOTION for Oral Argument *on behalf of Credit Suisse Defendants and Janus Defendants* addressed to Magistrate Judge Sarah Netburn from David G. Januszewski dated January 17, 2019. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane |

| | | |
|---|---|---|
| | | Thiam.(Januszewski, David) (Entered: 01/17/2019) |
| 02/28/2019 | 119 | LETTER addressed to Magistrate Judge Sarah Netburn from Laura H. Posner dated February 28, 2019 re: Supplemental Authority. Document filed by XIV Investor Group.(Posner, Laura) (Entered: 02/28/2019) |
| 03/29/2019 | 120 | LETTER addressed to Magistrate Judge Sarah Netburn from David G. Januszewski dated March 29, 2019 re: Plaintiffs' Supplemental Authority Letter. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam.(Januszewski, David) (Entered: 03/29/2019) |
| 04/09/2019 | 121 | LETTER addressed to Magistrate Judge Sarah Netburn from Laura H. Posner dated April 9, 2019 re: Notice of New Controlling Precedent. Document filed by XIV Investor Group.(Berelovich, Eric) (Entered: 04/09/2019) |
| 04/18/2019 | 122 | LETTER addressed to Magistrate Judge Sarah Netburn from David G. Januszewski dated April 18, 2019 re: Part III.f of Your Honor's Individual Practices in Civil Cases. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam.(Januszewski, David) (Entered: 04/18/2019) |
| 04/19/2019 | 123 | LETTER addressed to Magistrate Judge Sarah Netburn from David G. Januszewski dated April 19, 2019 re: responding to Plaintiffs' letter submitting supplemental authority. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam.(Januszewski, David) (Entered: 04/19/2019) |
| 08/16/2019 | 124 | REPORT AND RECOMMENDATION re: (105 in 1:18–cv–02268–AT–SN) MOTION to Dismiss *the Consolidated Class Action Complaint*, filed by Janus Distributors, LLC, Janus Index & Calculation Services LLC, Janus Henderson Group PLC, (101 in 1:18–cv–02268–AT–SN) MOTION to Dismiss *the Class Action Complaint for Failure to State a Claim*, filed by Credit Suisse AG, David R Mathers, Credit Suisse Group AG, Tidjane Thiam, Credit Suisse International. I find that Plaintiffs have failed to state any claim upon which relief may be granted. Thus, I recommend GRANTING Defendants' motion to dismiss in its entirety. The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Analisa Torres at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Torres. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985). (Objections to R&R due by 8/30/2019.) (Signed by Magistrate Judge Sarah Netburn on 08/16/2019) Filed In Associated Cases: 1:18–cv–02268–AT–SN, 1:18–cv–02319–AT–SN, 1:18–cv–04045–AT–SN. (ras) (Entered: 08/16/2019) |
| 08/19/2019 | 125 | JOINT LETTER MOTION for Extension of Time addressed to Judge Analisa Torres from Laura H. Posner dated August 19, 2019. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, Janus Distributors, LLC, Janus Henderson Group PLC, Janus Index & Calculation Services LLC, David R Mathers, Tidjane Thiam, XIV Investor Group.(Berelovich, Eric) (Entered: 08/19/2019) |
| 08/19/2019 | 126 | ORDER denying 125 Letter Motion for Extension of Time. DENIED. (Signed by Judge Analisa Torres on 8/19/2019) (mro) (Entered: 08/20/2019) |
| 08/27/2019 | 127 | ORDER denying as moot 118 Letter Motion for Oral Argument. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 08/27/2019) |
| 08/30/2019 | 128 | OBJECTION to 124 Report and Recommendations Document filed by XIV Investor Group. (Berelovich, Eric) (Entered: 08/30/2019) |

| 08/30/2019 | 129 | LETTER MOTION for Oral Argument addressed to Judge Analisa Torres from Laura H. Posner dated August 30, 2019. Document filed by XIV Investor Group.(Berelovich, Eric) (Entered: 08/30/2019) |
|---|---|---|
| 09/11/2019 | 130 | ORDER denying 129 Letter Motion for Oral Argument. DENIED. (Signed by Judge Analisa Torres on 9/11/2019) (cf) (Entered: 09/11/2019) |
| 09/13/2019 | 131 | RESPONSE re: 128 Objection to Report and Recommendations . Document filed by Janus Distributors, LLC, Janus Henderson Group PLC, Janus Index & Calculation Services LLC. (Halper, Jason) (Entered: 09/13/2019) |
| 09/13/2019 | 132 | RESPONSE re: 128 Objection to Report and Recommendations . Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam. (Januszewski, David) (Entered: 09/13/2019) |
| 09/18/2019 | 133 | REPLY MEMORANDUM OF LAW in Support re: 128 Objection to Report and Recommendations . Document filed by XIV Investor Group. (Berelovich, Eric) (Entered: 09/18/2019) |
| 09/19/2019 | 134 | LETTER addressed to Judge Analisa Torres from David G. Januszewski dated September 19, 2019 re: Plaintiffs' Reply In Support of Their Objections to Magistrate Judge Netburn's Report and Recommendation. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, Janus Distributors, LLC, Janus Henderson Group PLC, Janus Index & Calculation Services LLC, David R Mathers, Tidjane Thiam.(Januszewski, David) (Entered: 09/19/2019) |
| 09/25/2019 | 135 | ORDER for (124 in 1:18−cv−02268−AT−SN, 46 in 1:18−cv−02319−AT−SN, 26 in 1:18−cv−04045−AT−SN) Report and Recommendations (105 in 1:18−cv−02268−AT−SN) Motion to Dismiss filed by Janus Distributors, LLC, Janus Index & Calculation Services LLC, Janus Henderson Group PLC, (101 in 1:18−cv−02268−AT−SN) Motion to Dismiss filed by Credit Suisse AG, David R Mathers, Credit Suisse Group AG, Tidjane Thiam, Credit Suisse International. Before the Court are Plaintiffs' objections to the Report and Recommendation ("R&R") of Magistrate Judge Sarah Netburn concerning Defendants' motions to dismiss Plaintiffs' complaint alleging violations of the federal securities laws. The Court has reviewed de novo those portions of the R&R to which Plaintiffs properly object and has reviewed the remainder of the R&R for clear error. For the reasons stated above, the Court ADOPTS the R&R in its entirety. The Clerk of Court is directed to terminate the motions in Case No. 18 Civ. 2268 at ECF Nos. 101 and 105, and to close Case No. 18 Civ. 2268, Case No. 18 Civ. 2319, and Case No. 18 Civ. 4045. (As further set forth in this Order.) (Signed by Judge Analisa Torres on 9/25/2019) Filed In Associated Cases: 1:18−cv−02268−AT−SN, 1:18−cv−02319−AT−SN, 1:18−cv−04045−AT−SN(cf) Transmission to Orders and Judgments Clerk for processing. (Entered: 09/25/2019) |
| 09/26/2019 | 136 | CLERK'S JUDGMENT re: 135 Order Adopting Report and Recommendations in favor of Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, Janus Distributors, LLC, Janus Henderson Group PLC, Janus Index & Calculation Services LLC, David R Mathers, Tidjane Thiam against Glenn Eisenberg, Rajan Chahal, Shaolei Qiu. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Order dated September 25, 2019, the Court has reviewed de nova those portions of the R&R to which Plaintiffs properly object and has reviewed the remainder of the R&R for clear error. The R&R is ADOPTED in its entirety. Accordingly, Case No. 18 Civ. 2268, Case No. 18 Civ. 2319, and Case No. 18 Civ. 4045 is closed. (Signed by Clerk of Court Ruby Krajick on 9/26/2019) (Attachments: # 1 Right to Appeal)(km) (Entered: 09/26/2019) |
| 09/26/2019 | | Terminate Transcript Deadlines (km) (Entered: 09/26/2019) |
| 10/18/2019 | 137 | **FILING ERROR – WRONG FILER SELECTED** – NOTICE OF APPEAL from 135 Order Adopting Report and Recommendations, 136 Clerk's Judgment. Document filed by XIV Investor Group. Filing fee $ 505.00, receipt number ANYSDC−17796281. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Eisenkraft, Michael) Modified on 11/15/2019 (tp). (Entered: 10/18/2019) |
| 10/18/2019 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 137 Notice of Appeal. (tp) (Entered: 10/18/2019) |

| 10/18/2019 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 137 Notice of Appeal, filed by XIV Investor Group were transmitted to the U.S. Court of Appeals. (tp) (Entered: 10/18/2019) |
|---|---|---|
| 11/14/2019 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Michael Eisenkraft re: Document No. 82 Amended Complaint. The filing is deficient for the following reason(s): all of the parties listed on the pleading were not entered on CM/ECF. Docket the event type Add Party to Pleading found under the event list Complaints and Other Initiating DocumentS, AND add all of the parties listed on your document that should be reflected within this case. (laq) (Entered: 11/14/2019) |
| 11/14/2019 | | ADD PARTY FOR PLEADING. Plaintiffs/Petitioners Aleksandr Gamberg, ACM Ltd., Nikolay Drozhzhinov, Set Capital LLC, Stefan Jager added. Party added pursuant to 82 Amended Complaint,.Document filed by Aleksandr Gamberg, ACM Ltd., Nikolay Drozhzhinov, Set Capital LLC, Stefan Jager. Related document: 82 Amended Complaint,.(Eisenkraft, Michael) (Entered: 11/14/2019) |
| 11/15/2019 | 138 | FILING ERROR – NO ORDER SELECTED FOR APPEAL – CORRECTED NOTICE OF APPEAL re: 137 Notice of Appeal,. Document filed by ACM Ltd., Nikolay Drozhzhinov, Aleksandr Gamberg, Stefan Jager, Set Capital LLC. (Eisenkraft, Michael) Modified on 11/15/2019 (tp). (Entered: 11/15/2019) |
| 11/15/2019 | 139 | CORRECTED NOTICE OF APPEAL re: 137 Notice of Appeal, 135 Order Adopting Report and Recommendations,,,,, 136 Clerk's Judgment,,,. Document filed by ACM Ltd., Nikolay Drozhzhinov, Aleksandr Gamberg, Stefan Jager, Set Capital LLC. (Eisenkraft, Michael) (Entered: 11/15/2019) |
| 11/15/2019 | | Appeal Fee Paid electronically via Pay.gov: for 139 Corrected Notice of Appeal. Filing fee $ 505.00. Pay.gov receipt number ANYSDC–17796281, paid on 10/18/2019. (tp) (Entered: 11/15/2019) |
| 11/15/2019 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 139 Corrected Notice of Appeal. (tp) (Entered: 11/15/2019) |
| 11/15/2019 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 139 Corrected Notice of Appeal, filed by Set Capital LLC, Stefan Jager, Aleksandr Gamberg, ACM Ltd., Nikolay Drozhzhinov USCA Case Number 19–3466, were transmitted to the U.S. Court of Appeals. (tp) (Entered: 11/15/2019) |
| 04/06/2020 | 140 | MOTION for Eric S. Berelovich to Withdraw as Attorney . Document filed by ACM Ltd., Nikolay Drozhzhinov, Aleksandr Gamberg, Stefan Jager, Set Capital LLC. (Attachments: # 1 Text of Proposed Order).(Posner, Laura) (Entered: 04/06/2020) |
| 04/08/2020 | 141 | ORDER granting 140 Motion to Withdraw as Attorney. Attorney Eric Steven Berelovich terminated. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 04/08/2020) |
| 08/21/2020 | 142 | NOTICE OF CHANGE OF ADDRESS by David George Januszewski on behalf of Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam. New Address: Cahill Gordon & Reindel LLP, 32 Old Slip, New York, New York, United States 10005, 2127013000..(Januszewski, David) (Entered: 08/21/2020) |
| 04/27/2021 | 143 | USCA OPINION (Certified) as to 139 Corrected Notice of Appeal, filed by XIV Investor Group. USCA Case Number 19–3466. Set Capital LLC, Stefan Jager, Nikolay Drozhzhinov, Aleksandr Gamburg, and ACM, Ltd. (collectively, Set Capital) brought this securities class action lawsuit against Credit Suisse Group AG, Credit Suisse AG, and Credit Suisse International (collectively, Credit Suisse); Credit Suisse's CEO Tidjane Thiam and CFO David R. Mathers (together, the Individual Defendants); and Janus Henderson Group PLC, Janus Index & Calculation Services LLC, and Janus Distributors, LLC, doing business as Janus Henderson Distributors (collectively, Janus). Set Capital principally alleges that, on February 5, 2018, Credit Suisse, Janus, and the Individual Defendants executed a complex fraud to collapse the market for VelocityShares Daily Inverse VIX Short Term Exchange Traded Notes (XIV Notes), earning hundreds of millions of dollars in profit at their investors expense. The district court (Torres, J.) dismissed the complaint for failure to plead a strong inference of scienter. For the reasons that follow, we AFFIRM in part and VACATE and |

| | | |
|---|---|---|
| | | REMAND in part.. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 4/27/2021..(nd) Modified on 4/27/2021 (nd). (Entered: 04/27/2021) |
| 04/27/2021 | | Transmission of USCA Opinion to the District Judge re: 143 USCA Opinion..(nd) (Entered: 04/27/2021) |
| 05/19/2021 | 144 | MANDATE of USCA (Certified Copy) as to 139 Corrected Notice of Appeal, filed by Set Capital LLC, Stefan Jager, Nikolay Drozhzhinov, Aleksandr Gamburg, ACM, Ltd. USCA Case Number 19–3466. IT IS HEREBY ORDERED, ADJUDGED and DECREED that the judgment dismissing the claims pertaining to the manipulative scheme, the alleged misstatements or omissions in the offering documents, and the corresponding liability of control persons is VACATED. Those claims are REMANDED to the district court for further proceedings consistent with this Court's opinion. The judgment dismissing the claims for failure to correct the Flatline Value is AFFIRMED, while the district court's denial of leave to amend those claims is VACATED.. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 05/19/2021. (Attachments: # 1 Opinion).(nd) (Entered: 05/19/2021) |
| 05/19/2021 | | Transmission of USCA Mandate to the District Judge re: 144 USCA Mandate,,,,.(nd) (Entered: 05/19/2021) |
| 05/31/2021 | 145 | LETTER addressed to Magistrate Judge Sarah Netburn from Jason Halper dated May 31, 2021 re: Extension of Time to Answer the Amended Complaint. Document filed by Janus Distributors, LLC, Janus Henderson Group PLC, Janus Index & Calculation Services LLC..(Halper, Jason) (Entered: 05/31/2021) |
| 05/31/2021 | 146 | LETTER MOTION for Extension of Time to File Answer *to the Amended Complaint* addressed to Magistrate Judge Sarah Netburn from Sheila C. Ramesh dated May 31, 2021. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam..(Ramesh, Sheila) (Entered: 05/31/2021) |
| 06/02/2021 | 147 | ORDER granting 146 Letter Motion for Extension of Time to Answer re 146 LETTER MOTION for Extension of Time to File Answer *to the Amended Complaint* addressed to Magistrate Judge Sarah Netburn from Sheila C. Ramesh dated May 31, 2021. The Defendant shall answer or otherwise respond to the Amended Complaint no later than July 2, 2021. (Credit Suisse AG answer due 7/2/2021; Credit Suisse Group AG answer due 7/2/2021; Credit Suisse International answer due 7/2/2021; David R Mathers answer due 7/2/2021; Tidjane Thiam answer due 7/2/2021.) (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (ras). (Entered: 06/02/2021) |
| 06/02/2021 | 148 | LETTER MOTION for Extension of Time to File Answer *to the Amended Complaint* addressed to Magistrate Judge Sarah Netburn from Jason Halper dated May 31, 2021. Document filed by Janus Distributors, LLC, Janus Henderson Group PLC, Janus Index & Calculation Services LLC..(Halper, Jason) (Entered: 06/02/2021) |
| 06/02/2021 | 149 | PROPOSED CASE MANAGEMENT PLAN. Document filed by Set Capital LLC..(Posner, Laura) (Entered: 06/02/2021) |
| 06/03/2021 | 150 | ORDER granting 148 LETTER MOTION for Extension of Time to File Answer *to the Amended Complaint* addressed to Magistrate Judge Sarah Netburn from Jason Halper dated May 31, 2021. The Janus Defendants shall file an Answer no later than July 2, 2021. (Janus Distributors, LLC answer due 7/2/2021; Janus Henderson Group PLC answer due 7/2/2021; Janus Index & Calculation Services LLC answer due 7/2/2021.) (HEREBY ORDERED by Magistrate Judge Sarah Netburn) (Text Only Order) (ras) (Entered: 06/03/2021) |
| 06/09/2021 | 151 | MOTION for Alexander Anthony Krot III to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–24652943. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by ACM Ltd., Nikolay Drozhzhinov, Aleksandr Gamberg, Stefan Jager, Set Capital LLC. (Attachments: # 1 Exhibit Exhibit A – Affidavit of Alexander A. Krot III, # 2 Exhibit Exhibit B – Certificates of Good Standing, # 3 Text of Proposed Order Proposed Order).(Krot, Alexander) (Entered: 06/09/2021) |
| 06/10/2021 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 151 MOTION for Alexander Anthony Krot III to Appear Pro Hac Vice .** |

| | | |
|---|---|---|
| | | **Filing fee $ 200.00, receipt number ANYSDC–24652943. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 06/10/2021) |
| 06/11/2021 | 152 | ORDER granting 151 Motion for Alexander Anthony Krot III to Appear Pro Hac Vice. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 06/11/2021) |
| 06/15/2021 | 153 | MOTION for Joshua Handelsman to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–24676136. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by ACM Ltd., Nikolay Drozhzhinov, Aleksandr Gamberg, Stefan Jager, Set Capital LLC. (Attachments: # 1 Exhibit A –Affidavit, # 2 Exhibit B– Certificate of Good Standing, # 3 Text of Proposed Order).(Handelsman, Joshua) (Entered: 06/15/2021) |
| 06/15/2021 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 153 MOTION for Joshua Handelsman to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–24676136. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (vba)** (Entered: 06/15/2021) |
| 06/16/2021 | 154 | ORDER granting 153 Motion for Joshua Handelsman to Appear Pro Hac Vice. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 06/16/2021) |
| 06/17/2021 | 155 | PROPOSED PROTECTIVE ORDER. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam..(Ramesh, Sheila) (Entered: 06/17/2021) |
| 06/17/2021 | 156 | PROPOSED STIPULATION AND ORDER. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam..(Ramesh, Sheila) (Entered: 06/17/2021) |
| 06/21/2021 | 157 | STIPULATED PROTECTIVE ORDER...regarding procedures to be followed that shall govern the handling of confidential material...The Court interprets paragraph nine to require that the parties seek leave of Court before filing sealed materials. (Signed by Magistrate Judge Sarah Netburn on 6/21/2021) (ras) (Entered: 06/21/2021) |
| 06/22/2021 | 158 | STIPULATION AND ORDER REGARDING THE PRODUCTION OF ELECTRONICALLY STORED INFORMATION AND HARD COPY DOCUMENTS: (See document.) SO ORDERED. (Signed by Magistrate Judge Sarah Netburn on 6/22/2021) (ras) (Entered: 06/22/2021) |
| 06/30/2021 | 159 | NOTICE OF VOLUNTARY DISMISSAL pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) and or their counsel(s), hereby give notice that the above–captioned action is voluntarily dismissed, without prejudice against the defendant(s) Janus Distributors, LLC, Janus Henderson Group PLC, Janus Index & Calculation Services LLC. Document filed by Set Capital LLC. **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers)**...(Eisenkraft, Michael) (Entered: 06/30/2021) |
| 07/01/2021 | | **\*\*\*NOTICE TO COURT REGARDING NOTICE OF VOLUNTARY DISMISSAL Document No. 159 Notice of Voluntary Dismissal was reviewed and referred to Judge Analisa Torres for approval for the following reason(s): the plaintiff(s) filed their voluntary dismissal and it did not dismiss all of the parties or the action in its entirety. (km)** (Entered: 07/01/2021) |
| 07/01/2021 | 160 | NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF ALL CLAIMS AGAINST THE JANUS DEFENDANTS PURSUANT TO F.R.C.P. 41(a)(1)(A)(i): Pursuant to F.R.C.P. 41(a)(1 (A)(i) of the Federal Rules of Civil Procedure, Lead Plaintiffs Set Capital LLC, Stefan Jager, Nikolay Drozhzhinov, Aleksandr Gamburg, and ACM Ltd. ("Lead Plaintiffs") hereby give notice that all claims against Janus Henderson Group plc, Janus Henderson Indices LLC f/k/a Janus Index & Calculation Services LLC, and Janus Distributors LLC (the "Janus Defendants") in the above–captioned action are voluntarily dismissed without prejudice, subject to the terms of a tolling agreement executed on June 30, 2021 by counsel to Lead Plaintiffs and counsel to the Janus Defendants. This dismissal without |

| | | |
|---|---|---|
| | | prejudice does not apply to Lead Plaintiffs' claims against any other defendants in the above–captioned action. SO ORDERED. Janus Index & Calculation Services LLC, Janus Distributors, LLC and Janus Henderson Group PLC terminated. (Signed by Judge Analisa Torres on 7/1/2021) (kv) (Entered: 07/01/2021) |
| 07/02/2021 | 161 | ANSWER to 82 Amended Complaint,. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam..(Januszewski, David) (Entered: 07/02/2021) |
| 07/07/2021 | 162 | INITIAL PRETRIAL CONFERENCE ORDER: An Initial Pretrial Conference pursuant to Rule 16 will be held telephonically on Monday, July 19, 2021, at 2:00 p.m. At that time, the parties should call the Court's dedicated teleconference line at (877) 402–9757, and enter access code 7938632, followed by the pound (#) key. (Initial Conference set for 7/19/2021 at 02:00 PM before Magistrate Judge Sarah Netburn.) (Signed by Magistrate Judge Sarah Netburn on 7/7/2021) (ras) (Entered: 07/07/2021) |
| 07/12/2021 | 163 | JOINT LETTER addressed to Magistrate Judge Sarah Netburn from Michael B. Eisenkraft dated July 12, 2021 re: Set Capital LLC, et al., v. Credit Suisse Group AG, et al., No. 18–CV–02268 (AT) (SN). Document filed by Set Capital LLC. (Attachments: # 1 Exhibit Exhibit A).(Eisenkraft, Michael) (Entered: 07/12/2021) |
| 07/19/2021 | 164 | NOTICE OF APPEARANCE by Nola Breglio Heller on behalf of Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam..(Heller, Nola) (Entered: 07/19/2021) |
| 07/19/2021 | 165 | NOTICE OF APPEARANCE by Tara Halsch Curtin on behalf of Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam..(Curtin, Tara) (Entered: 07/19/2021) |
| 07/19/2021 | | Minute Entry for proceedings held before Magistrate Judge Sarah Netburn: Initial Pretrial Conference held on 7/19/2021. (ras) (Entered: 08/02/2021) |
| 07/20/2021 | 166 | CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER: All parties do not consent to conducting all further proceedings before a magistrate judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. This case is to be tried to a jury. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. All fact discovery shall be completed no later than September 17, 2022. Depositions to be completed by September 17, 2022. All expert discovery shall be completed no later than February 17, 2023. All motions for summary judgment shall be filed no later than March 3, 2023. Oppositions to motions for summary judgment shall be filed no later than April 14, 2023. Reply briefs in further support of summary judgment shall be filed no later than May 5, 2023. Counsel for the parties have conferred and their present best estimate of the length of trial is two weeks. A status letter is due to the Court no later than September 30, 2021. The parties shall reach out to Judge Torres's Chambers to schedule the next Case Management Conference. (Motions due by 3/3/2023. Responses due by 4/14/2023. Replies due by 5/5/2023. Deposition due by 9/17/2022. Fact Discovery due by 9/17/2022. Expert Discovery due by 2/17/2023.) (Signed by Magistrate Judge Sarah Netburn on 7/20/2021) (ras) (Entered: 07/20/2021) |
| 09/21/2021 | 167 | NOTICE OF WITHDRAWAL of Tara H. Curtin and Proposed Order. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam..(Curtin, Tara) (Entered: 09/21/2021) |
| 09/22/2021 | 168 | MEMO ENDORSEMENT on re: 167 Notice (Other) filed by Credit Suisse AG, David R Mathers, Credit Suisse Group AG, Tidjane Thiam, Credit Suisse International. ENDORSEMENT: Attorney Tara H. Curtin terminated. (Attorney Tara Halsch Curtin terminated.) (Signed by Magistrate Judge Sarah Netburn on 9/22/2021) (ras) (Entered: 09/22/2021) |
| 09/30/2021 | 169 | STATUS REPORT. Document filed by Set Capital LLC..(Eisenkraft, Michael) (Entered: 09/30/2021) |
| 01/21/2022 | 170 | ORDER: No later than January 28, 2022, the parties shall file a joint letter informing the Court of the status of discovery and whether a settlement conference would be productive at this time. (Signed by Magistrate Judge Sarah Netburn on 1/21/2022) |

| | | |
|---|---|---|
| | | (ras) (Entered: 01/21/2022) |
| 01/28/2022 | 171 | JOINT LETTER addressed to Magistrate Judge Sarah Netburn from Laura Posner H. Posner and Sheila C. Ramesh dated January 28, 2022 re: Set Capital LLC, et al., v. Credit Suisse Group AG, et al., No. 18–CV–02268 (AT) (SN). Document filed by Set Capital LLC..(Posner, Laura) (Entered: 01/28/2022) |
| 03/04/2022 | 172 | MOTION for Joshua C. Handelsman to Withdraw as Attorney . Document filed by Set Capital LLC. (Attachments: # 1 Exhibit).(Handelsman, Joshua) (Entered: 03/04/2022) |
| 03/07/2022 | 173 | ORDER granting 172 Motion to Withdraw as Attorney. Attorney Joshua Handelsman terminated. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 03/07/2022) |
| 03/30/2022 | 174 | LETTER MOTION for Extension of Time *//Requesting a Modification of the Civil Case Management Plan and Scheduling Order* addressed to Magistrate Judge Sarah Netburn from Sheila C. Ramesh dated March 30, 2022. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam. (Attachments: # 1 Exhibit A – Amended Proposed Civil Case Management Plan and Scheduling Order, # 2 Exhibit B – Redline comparison to the current schedule).(Ramesh, Sheila) (Entered: 03/30/2022) |
| 04/01/2022 | 175 | AMENDED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER: granting 174 Letter Motion for Extension of Time. This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Rule 26(f)(3), Fed. R. Civ. P. This case is to be tried to a jury. Defendants shall file their Answer(s) to the Complaint no later than July 2, 2021. All fact discovery shall be completed no later than November 17, 2022. By September 30, 2021, the parties will meet and confer regarding the case schedule, including whether to proceed with the dates agreed to below and whether to prioritize certain areas of discovery. Substantial completion of all document discovery by June 21, 2022. Depositions to be completed by November 17, 2022. Class certification motion and opening expert report(s) shall be filed by July 1, 2022. Class certification opposition report(s) shall be filed by September 15, 2022. Class certification reply brief and expert rebuttal report(s) shall be filed by November17, 2022. Expert depositions to be completed by June 16, 2023. All expert discovery shall be completed no later than June 16, 2023. All motions for summary judgment shall be filed no later than August 31, 2023. Oppositions to motions for summary judgment shall be filed no later than September 29, 2023. Reply briefs in further support of summary judgment shall be filed no later than October 20, 2023. Counsel for the parties have conferred and their present best estimate of the length of trial is: two weeks. A status letter is due to the Court no later than July 1, 2022. And as set forth herein. SO ORDERED. (Signed by Magistrate Judge Sarah Netburn on 4/01/2022) (ama) (Entered: 04/01/2022) |
| 04/01/2022 | | Set/Reset Deadlines: ( Deposition due by 6/16/2023., Discovery due by 6/21/2022., Expert Discovery due by 6/16/2023., Fact Discovery due by 11/17/2022., Motions due by 8/31/2023., Responses due by 9/29/2023, Replies due by 10/20/2023.), Set/Reset Hearings: (ama) (Entered: 04/01/2022) |
| 04/04/2022 | 176 | NOTICE OF APPEARANCE by Adam Shawn Mintz on behalf of Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam..(Mintz, Adam) (Entered: 04/04/2022) |
| 04/06/2022 | 177 | NOTICE OF APPEARANCE by David O. Fisher on behalf of ACM Ltd., Nikolay Drozhzhinov, Aleksandr Gamberg, Stefan Jager, Set Capital LLC..(Fisher, David) (Entered: 04/06/2022) |
| 07/01/2022 | 178 | MOTION to Certify Class . Document filed by ACM Ltd., Aleksandr Gamberg, Stefan Jager, Set Capital LLC..(Eisenkraft, Michael) (Entered: 07/01/2022) |
| 07/01/2022 | 179 | MEMORANDUM OF LAW in Support re: 178 MOTION to Certify Class . . Document filed by ACM Ltd., Aleksandr Gamberg, Stefan Jager, Set Capital LLC..(Eisenkraft, Michael) (Entered: 07/01/2022) |
| 07/01/2022 | 180 | DECLARATION of Michael B. Eisenkraft in Support re: 178 MOTION to Certify Class .. Document filed by ACM Ltd., Aleksandr Gamberg, Stefan Jager, Set Capital LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit |

| | | |
|---|---|---|
| | | D).(Eisenkraft, Michael) (Entered: 07/01/2022) |
| 07/01/2022 | 181 | PROPOSED ORDER. Document filed by ACM Ltd., Aleksandr Gamberg, Stefan Jager, Set Capital LLC. Related Document Number: 178 ..(Eisenkraft, Michael) **Proposed Order to be reviewed by Clerk's Office staff.** (Entered: 07/01/2022) |
| 07/01/2022 | | ***NOTICE TO COURT REGARDING PROPOSED ORDER. Document No. 181 Proposed Order was reviewed and approved as to form. (tp)** (Entered: 07/01/2022) |
| 07/01/2022 | 182 | JOINT LETTER addressed to Magistrate Judge Sarah Netburn from Sheila C. Ramesh and Laura H. Posner dated July 1, 2022 re: Status Update Pursuant to April 1, 2022 Order. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam..(Ramesh, Sheila) (Entered: 07/01/2022) |
| 07/05/2022 | 183 | MEMO ENDORSEMENT on re: 182 Letter, filed by Credit Suisse AG, David R Mathers, Credit Suisse Group AG, Tidjane Thiam, Credit Suisse International. ENDORSEMENT: By August 25, 2022, the parties shall file a joint letter informing the Court as to the status of discovery. If the parties wish to schedule a settlement conference they should expect availability four to six weeks from the request. (Signed by Magistrate Judge Sarah Netburn on 7/5/2022) (ras) (Entered: 07/05/2022) |
| 07/28/2022 | 184 | LETTER MOTION for Leave to File to Amend Complaint soley to correct the name of a Lead Plaintiff addressed to Judge Analisa Torres from Laura H. Posner dated July 28, 2022. Document filed by Set Capital LLC..(Posner, Laura) (Entered: 07/28/2022) |
| 08/05/2022 | 185 | **FILING ERROR – DEFICIENT DOCKET ENTRY** – MOTION for Brendan Rae Schneiderman to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–26512083. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Set Capital LLC. (Attachments: # 1 Exhibit A – Declaration, # 2 Exhibit B – Certificate of Good Standing, # 3 Exhibit C – Certificate of Good Standing, # 4 Exhibit [Proposed] Order).(Schneiderman, Brendan) Modified on 8/8/2022 (sgz). (Entered: 08/05/2022) |
| 08/08/2022 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE–FILE Document No. 185 MOTION for Brendan Rae Schneiderman to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–26512083. Motion and supporting papers to be reviewed by Clerk's Office staff. The filing is deficient for the following reason(s): expired Certificate of Good Standing from District of Columbia; Re–file the motion as a Motion to Appear Pro Hac Vice – attach the correct signed PDF – select the correct named filer/filers – attach valid Certificates of Good Standing issued within the past 30 days – attach Proposed Order. (sgz)** (Entered: 08/08/2022) |
| 08/11/2022 | 186 | CONSENT LETTER MOTION for Extension of Time *of Deadlines from Amended Civil Case Management Plan and Scheduling Order* addressed to Magistrate Judge Sarah Netburn from Sheila C. Ramesh dated August 11, 2022. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam. (Attachments: # 1 Exhibit A: [Proposed] Second Amended Civil Case Management Plan and Scheduling Order, # 2 Exhibit B: Redline Comparison to Current Schedule).(Ramesh, Sheila) (Entered: 08/11/2022) |
| 08/12/2022 | 187 | ORDER granting 184 Letter Motion for Leave to File Document. Plaintiff's motion for leave to file an amended complaint for the limited purpose of amending the case caption is GRANTED. Plaintiff is ordered to file the amended complaint by August 19, 2022. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 08/12/2022) |
| 08/15/2022 | 188 | SECOND AMENDED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER granting 186 Letter Motion for Extension of Time. All parties do not consent to conducting all further proceedings before a magistrate judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. This case is to be tried to a jury. All fact discovery shall be completed no later than December 16, 2022. Depositions to be completed by December 16, 2022. Class Certification Briefing and Expert Reports: a. Class certification motion and opening expert report(s) shall be filed by July 1, 2022. b. |

| | | |
|---|---|---|
| | | Class certification opposition brief and expert opposition report(s) shall be filed by October 14, 2022. c. Class certification reply brief and expert rebuttal report(s) shall be filed by December 16, 2022. Expert depositions to be completed by July 17, 2023. f. All expert discovery shall be completed no later than July 17, 2023. Summary Judgment: a. All motions for summary judgment shall be filed no later than September 29, 2023. b. Oppositions to motions for summary judgment shall be filed no later than October 30, 2023. c. Reply briefs in further support of summary judgment shall be filed no later than November 20, 2023. Deposition due by 7/17/2023. Motions due by 9/29/2023. Counsel for the parties have conferred and their present best estimate of the length of trial is: two weeks. SO ORDERED. (Signed by Magistrate Judge Sarah Netburn on 8/15/2022) (mml) (Entered: 08/15/2022) |
| 08/15/2022 | | Set/Reset Deadlines: Expert Discovery due by 7/17/2023. Fact Discovery due by 12/16/2022. Responses due by 10/30/2023 Replies due by 11/20/2023. (mml) (Entered: 08/15/2022) |
| 08/16/2022 | 189 | **FILING ERROR – DEFICIENT PLEADING – FILED AGAINST PARTY ERROR** SECOND AMENDED COMPLAINT amending 82 Amended Complaint, against Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, Janus Distributors, LLC, Janus Henderson Group PLC, Janus Index & Calculation Services LLC, David R Mathers, Tidjane Thiam with JURY DEMAND.Document filed by Set Capital LLC. Related document: 82 Amended Complaint.(Eisenkraft, Michael) Modified on 8/17/2022 (sj). (Entered: 08/16/2022) |
| 08/17/2022 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Michael Benjamin Eisenkraft to RE–FILE re: Document No. 189 Amended Complaint. The filing is deficient for the following reason(s): all of the parties listed on the pleading were not entered on CM ECF; the wrong party/parties whom the pleading is against were selected; If previously terminated parties are now active parties to the case, they must be added to the docket again. Docket the event type Add Party to Pleading found under the event list Complaints and Other Initiating Documents. Re–file the pleading using the event type Amended Complaint found under the event list Complaints and Other Initiating Documents – attach the correct signed PDF – select the individually named filer/filers – select the individually named party/parties the pleading is against. (sj)** (Entered: 08/17/2022) |
| 08/18/2022 | 190 | AMENDED COMPLAINT amending 189 Amended Complaint,, 82 Amended Complaint, against Credit Suisse AG, Credit Suisse Group AG, Janus Distributors, LLC, Janus Henderson Group PLC, Janus Index & Calculation Services LLC, David R Mathers, Tidjane Thiam, Apollo Asset Ltd with JURY DEMAND.Document filed by Aleksandr Gamberg, Nikolay Drozhzhinov, Set Capital LLC, Stefan Jager, Apollo Asset Ltd. Related document: 189 Amended Complaint,, 82 Amended Complaint,..(Eisenkraft, Michael) (Entered: 08/18/2022) |
| 08/18/2022 | 191 | MOTION for Brendan Rae Schneiderman to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Apollo Asset Ltd, Nikolay Drozhzhinov, Aleksandr Gamberg, Stefan Jager, Set Capital LLC. (Attachments: # 1 Exhibit A – Declaration, # 2 Exhibit B – Certificate of Good Standing, # 3 Text of Proposed Order Proposed Order).(Schneiderman, Brendan) (Entered: 08/18/2022) |
| 08/19/2022 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 191 MOTION for Brendan Rae Schneiderman to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sgz)** (Entered: 08/19/2022) |
| 08/25/2022 | 192 | JOINT LETTER addressed to Magistrate Judge Sarah Netburn from Sheila C. Ramesh dated August 25, 2022 re: Status of Discovery per ECF 183 Order. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam..(Ramesh, Sheila) (Entered: 08/25/2022) |
| 08/26/2022 | 193 | MEMO ENDORSEMENT on re: 192 Letter, filed by Credit Suisse AG, David R Mathers, Credit Suisse Group AG, Tidjane Thiam, Credit Suisse International. ENDORSEMENT: By October 25, 2022, the parties shall file an additional joint letter informing the Court as to the status of discovery. To the extent the parties anticipate |

| | | |
|---|---|---|
| | | that a settlement conference may be appropriate at or near the end of discovery, they are urged to schedule that conference soon. The Court is currently scheduling settlement conferences eight weeks from when requested. (Signed by Magistrate Judge Sarah Netburn on 8/26/2022) (ras) (Entered: 08/26/2022) |
| 08/30/2022 | 194 | ANSWER to 190 Amended Complaint,. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam..(Washer, Herbert) (Entered: 08/30/2022) |
| 10/06/2022 | 195 | ORDER granting 191 Motion for Brendan Rae Schneiderman to Appear Pro Hac Vice. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 10/06/2022) |
| 10/06/2022 | 196 | JOINT LETTER addressed to Magistrate Judge Sarah Netburn from Laura H. Posner dated October 6, 2022 re: Requesting an Amendment to the Parties' Stipulated Protective Order. Document filed by Apollo Asset Ltd, Nikolay Drozhzhinov, Glenn Eisenberg, Aleksandr Gamberg, Stefan Jager, Set Capital LLC. (Attachments: # 1 Exhibit Addendum to Stipulated Protective Order).(Posner, Laura) (Entered: 10/06/2022) |
| 10/07/2022 | 197 | ADDENDUM TO STIPULATED PROTECTIVE ORDER IN SET CAPITAL, ET AL. V. CREDIT SUISSE GROUP AG, ET AL.: With regard to the production of materials from non–party Cboe Exchange, Inc. ("Cboe"), pursuant to this addendum, all terms of the Stipulated Protective Order entered on June 21, 2021 (Dkt. 157) are agreed to and remain in effect with the exception of the following, as further set forth herein. SO ORDERED. (Signed by Magistrate Judge Sarah Netburn on 10/7/2022) (mml) (Entered: 10/07/2022) |
| 10/14/2022 | 198 | LETTER MOTION to Seal addressed to Judge Analisa Torres from Herbert S. Washer dated October 14, 2022. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam. (Attachments: # 1 Appendix A: Exhibits attached to H. Washer Declaration).(Washer, Herbert) (Entered: 10/14/2022) |
| 10/14/2022 | 199 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 178 MOTION to Certify Class . . Document filed by Credit Suisse AG, Credit Suisse Group AG, David R Mathers, Credit Suisse International, Tidjane Thiam, ACM Ltd., Apollo Asset Ltd, Rajan Chahal, Nikolay Drozhzhinov, Glenn Eisenberg, Aleksandr Gamberg, Stefan Jager, Shaolei Qiu, Set Capital LLC. Motion or Order to File Under Seal: 198 .(Washer, Herbert) (Entered: 10/14/2022) |
| 10/14/2022 | 200 | ***SELECTED PARTIES***DECLARATION of Herbert S. Washer in Opposition re: 178 MOTION to Certify Class .. Document filed by Credit Suisse AG, Credit Suisse Group AG, David R Mathers, Credit Suisse International, Tidjane Thiam, ACM Ltd., Apollo Asset Ltd, Rajan Chahal, Nikolay Drozhzhinov, Glenn Eisenberg, Aleksandr Gamberg, Stefan Jager, Shaolei Qiu, Set Capital LLC. (Attachments: # 1 Exhibit A: Pricing Supplement, # 2 Exhibit B: Hendershott Report, # 3 Exhibit C: Jager Transcript, # 4 Exhibit D: Fredly Transcript, # 5 Exhibit E: Sylvester Transcript, # 6 Exhibit F: Gamburg Transcript, # 7 Exhibit G: Mitts Transcript, # 8 Exhibit H: Press Release, # 9 Exhibit I: Reuters Article, # 10 Exhibit J: Press Release, # 11 Exhibit K: Seeking Alpha Article, # 12 Exhibit L: Produced Document, # 13 Exhibit M: Document Request, # 14 Exhibit N: Expert Report)Motion or Order to File Under Seal: 198 .(Washer, Herbert) (Entered: 10/14/2022) |
| 10/14/2022 | 201 | MEMORANDUM OF LAW in Opposition re: 178 MOTION to Certify Class . *[Redacted Version of ECF No. 199]*. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam..(Washer, Herbert) (Entered: 10/14/2022) |
| 10/14/2022 | 202 | DECLARATION of Herbert S. Washer [Redacted Version of ECF No. 200] in Opposition re: 178 MOTION to Certify Class .. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam. (Attachments: # 1 Exhibit A: Pricing Supplement, # 2 Exhibit B: [Redacted] Hendershott Report, # 3 Exhibit C: [Sealed] Jager Transcript, # 4 Exhibit D: [Sealed] Fredly Transcript, # 5 Exhibit E: [Sealed] Sylvester Transcript, # 6 Exhibit F: [Sealed] Gamburg Transcript, # 7 Exhibit G: [Sealed] Mitts Transcript, # 8 Exhibit H: Press Release, # 9 Exhibit I: Reuters Article, # 10 Exhibit J: Press Release, # 11 Exhibit K: |

| | | |
|---|---|---|
| | | Seeking Alpha Article, # 12 Exhibit L: [Sealed] Produced Document, # 13 Exhibit M: Document Request, # 14 Exhibit N: Expert Report).(Washer, Herbert) (Entered: 10/14/2022) |
| 10/14/2022 | 203 | LETTER MOTION to Seal addressed to Magistrate Judge Sarah Netburn from Herbert S. Washer dated October 14, 2022. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam. (Attachments: # 1 Appendix A: Exhibits Attached to H. Washer Declaration).(Washer, Herbert) (Entered: 10/14/2022) |
| 10/14/2022 | 204 | MOTION to Exclude Testimony of the Proposed Expert Opinions of Joshua Mitts . Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam..(Washer, Herbert) (Entered: 10/14/2022) |
| 10/14/2022 | 205 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 204 MOTION to Exclude Testimony of the Proposed Expert Opinions of Joshua Mitts . . Document filed by Credit Suisse AG, Credit Suisse Group AG, David R Mathers, Credit Suisse International, Tidjane Thiam, ACM Ltd., Apollo Asset Ltd, Rajan Chahal, Nikolay Drozhzhinov, Glenn Eisenberg, Aleksandr Gamberg, Stefan Jager, Shaolei Qiu, Set Capital LLC. Motion or Order to File Under Seal: 203 .(Washer, Herbert) (Entered: 10/14/2022) |
| 10/14/2022 | 206 | ***SELECTED PARTIES***DECLARATION of Herbert S. Washer in Support re: 204 MOTION to Exclude Testimony of the Proposed Expert Opinions of Joshua Mitts .. Document filed by Credit Suisse AG, Credit Suisse Group AG, David R Mathers, Credit Suisse International, Tidjane Thiam, ACM Ltd., Apollo Asset Ltd, Rajan Chahal, Nikolay Drozhzhinov, Glenn Eisenberg, Aleksandr Gamberg, Stefan Jager, Shaolei Qiu, Set Capital LLC. (Attachments: # 1 Exhibit A: Mitts Expert Report, # 2 Exhibit B: Mitts Transcript, # 3 Exhibit C: Burford Decision, # 4 Exhibit D: Hendershott Expert Report, # 5 Exhibit E: Set Capital Transcript, # 6 Exhibit F: Prospectus, # 7 Exhibit G: Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification)Motion or Order to File Under Seal: 203 .(Washer, Herbert) (Entered: 10/14/2022) |
| 10/14/2022 | 207 | MEMORANDUM OF LAW in Support re: 204 MOTION to Exclude Testimony of the Proposed Expert Opinions of Joshua Mitts . *[Redacted Version of ECF No. 205]*. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam..(Washer, Herbert) (Entered: 10/14/2022) |
| 10/14/2022 | 208 | DECLARATION of Herbert S. Washer [Redacted Version of ECF No. 206] in Support re: 204 MOTION to Exclude Testimony of the Proposed Expert Opinions of Joshua Mitts .. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam. (Attachments: # 1 Exhibit A: Mitts Expert Report, # 2 Exhibit B: Mitts Transcript, # 3 Exhibit C: Burford Decision, # 4 Exhibit D: [Redacted] Hendershott Expert Report, # 5 Exhibit E: [Sealed] Set Capital Transcript, # 6 Exhibit F: Prospectus, # 7 Exhibit G: [Redacted] Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification).(Washer, Herbert) (Entered: 10/14/2022) |
| 10/25/2022 | 209 | JOINT LETTER addressed to Magistrate Judge Sarah Netburn from Sheila C. Ramesh and Laura H. Posner dated October 25, 2022 re: Informing the Court as to Status of Discovery and Providing Proposed Stipulated Orders. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam. (Attachments: # 1 Exhibit A: [Proposed] Stipulated Order Regarding Class Certification Related Daubert Briefing, # 2 Exhibit B: [Proposed] Order Amending Scheduling Order Regarding Fact Discovery Deadline, # 3 Exhibit C: Stipulated [Proposed] Order Between Lead Plaintiffs and Cboe Futures Exchange, Inc.).(Ramesh, Sheila) (Entered: 10/25/2022) |
| 10/31/2022 | 210 | ORDER granting 203 Letter Motion to Seal. The request is granted on a temporary basis, and the Court will reconsider this ruling upon review of the underlying motion to determine whether any of the redacted material is subject to disclosure. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 10/31/2022) |

| 10/31/2022 | 211 | STIPULATED ORDER REGARDING CLASS CERTIFICATION RELATED DAUBERT BRIEFING: Upon consideration of the parties' Joint Status Letter, the Scheduling Order shall be amended to include the following: a. Lead Plaintiffs' Opposition to Defendants' Daubert motion shall be due December 16, 2022. b. Defendants' Reply in further support of their Daubert motion shall be due January 31, 2023. (Responses due by 12/16/2022. Replies due by 1/31/2023.) (Signed by Magistrate Judge Sarah Netburn on 10/31/2022) (ras) (Entered: 10/31/2022) |
|---|---|---|
| 10/31/2022 | 212 | ORDER AMENDING SCHEDULING ORDER REGARDING FACT DISCOVERY DEADLINE: Upon consideration of the parties Joint Status Letter, the Scheduling Order shall be amended as follows: The fact discovery deadline shall be extended from December 16, 2022 to January 31, 2023. (Fact Discovery due by 1/31/2023.) (Signed by Magistrate Judge Sarah Netburn on 10/31/2022) (ras) (Entered: 10/31/2022) |
| 10/31/2022 | 213 | STIPULATED ORDER BETWEEN LEAD PLAINTIFFS AND CBOE FUTURES EXCHANGE, INC.: It is hereby ORDERED that: The Court finds that good cause exists for the production of the Cboe Data; and the Cboe Data must be produced no later than November 4, 2022. (Signed by Magistrate Judge Sarah Netburn on 10/31/2022) (ras) (Entered: 10/31/2022) |
| 11/15/2022 | 214 | LETTER MOTION for Discovery *(Set Timing and Number of Depositions)* addressed to Magistrate Judge Sarah Netburn from Laura H. Posner dated November 15, 2022. Document filed by Set Capital LLC..(Posner, Laura) (Entered: 11/15/2022) |
| 11/17/2022 | 215 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Sheila C. Ramesh dated November 17, 2022 re: 214 LETTER MOTION for Discovery *(Set Timing and Number of Depositions)* addressed to Magistrate Judge Sarah Netburn from Laura H. Posner dated November 15, 2022. . Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam..(Ramesh, Sheila) (Entered: 11/17/2022) |
| 11/27/2022 | 216 | ORDER denying without prejudice 214 Letter Motion for Discovery. Plaintiffs' letter motion appears premature or moot. First, Defendants report in their November 17, 2022 letter that they will be providing dates for depositions, which may obviate the need for judicial intervention. Second, Plaintiffs seek leave to depose 15 "party witnesses," and indicate that they may seek to depose additional non–party witnesses. The ten–deponent limit in Rule 30 does not distinguish between party and non–party deponents. See Fed. R. Civ. P. 30(a)(1) (discussing depositions of "any person, including a party"). While this case may merit additional depositions beyond the presumptive ten, the Court will not entertain serial applications. Accordingly, the parties are ORDERED to meet and confer (by phone or in person) to discuss the dates and number of depositions that Plaintiffs seek. The parties shall file a status letter on December 5, 2022. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 11/27/2022) |
| 12/05/2022 | 217 | STATUS REPORT. *In Response to Order Number 216* Document filed by Set Capital LLC..(Schneiderman, Brendan) (Entered: 12/05/2022) |
| 12/12/2022 | 218 | JOINT LETTER MOTION for Extension of Time to Complete Discovery addressed to Magistrate Judge Sarah Netburn from Laura H. Posner and Sheila C. Ramesh dated 12/12/2022. Document filed by Set Capital LLC. (Attachments: # 1 Exhibit A).(Schneiderman, Brendan) (Entered: 12/12/2022) |
| 12/13/2022 | 219 | THIRD AMENDED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER: All parties do not consent to conducting all further proceedings before a magistrate judge,including motions and trial. 28 U.S.C. § 636(c). This case is to be tried to a jury. All motions for summary judgment shall be filed no later than September 29, 2023. b. Oppositions to motions for summary judgment shall be filed no later than October 30, 2023. c. Reply briefs in further support of summary judgment shall be filed no later than November 20, 2023. Motions due by 9/29/2023. Responses due by 10/30/2023. Replies due by 11/20/2023. Class certification reply brief and expert rebuttal report(s) shall be filed by December 16, 2022. b. Lead Plaintiffs' Opposition to Defendants' Daubert motion shall be filed by December 16, 2022. c. Defendants' Reply in further support of their Daubert motion shall be filed by January 31, 2023. Expert Deposition due by 8/15/2023. All fact discovery, including fact depositions, shall be completed no later than February 28, 2023. Fact Discovery due by 2/28/2023. Expert Discovery due by 8/15/2023. Counsel for the parties have |

| | | |
|---|---|---|
| | | conferred and their present best estimate of the length of trial is: two weeks. SO ORDERED. (Signed by Magistrate Judge Sarah Netburn on 12/13/2022) (mml) Modified on 1/4/2023 (mml). (Entered: 12/13/2022) |
| 12/16/2022 | 220 | REPLY MEMORANDUM OF LAW in Support re: 178 MOTION to Certify Class . . Document filed by Set Capital LLC..(Eisenkraft, Michael) (Entered: 12/16/2022) |
| 12/16/2022 | 221 | MEMORANDUM OF LAW in Opposition re: 204 MOTION to Exclude Testimony of the Proposed Expert Opinions of Joshua Mitts . . Document filed by Set Capital LLC..(Eisenkraft, Michael) (Entered: 12/16/2022) |
| 12/16/2022 | 222 | DECLARATION of Michael B. Eisenkraft in Support re: 178 MOTION to Certify Class .. Document filed by Set Capital LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E).(Eisenkraft, Michael) (Entered: 12/16/2022) |
| 12/20/2022 | 223 | CONSENT LETTER MOTION for Leave to File Motion to Withdraw *Nikolay Drozhzhinov as Co−Lead Plaintiff* addressed to Judge Analisa Torres from Nicholas I. Porritt dated December 20, 2022., LETTER MOTION for Conference addressed to Judge Analisa Torres from Nicholas I. Porritt dated December 20, 2022. Document filed by Nikolay Drozhzhinov..(Porritt, Nicholas) (Entered: 12/20/2022) |
| 12/21/2022 | 224 | ORDER granting 223 Letter Motion for Leave to File Document; granting 223 Letter Motion for Conference re: 223 CONSENT LETTER MOTION for Leave to File Motion to Withdraw *Nikolay Drozhzhinov as Co−Lead Plaintiff* addressed to Judge Analisa Torres from Nicholas I. Porritt dated December 20, 2022. LETTER MOTION for Conference addressed to Judge Analisa Torres from Nicholas I. Porritt dated December 20, 2022. GRANTED. The Clerk of Court is directed to terminate Nikolay Drozhzhinov from the docket. SO ORDERED.. (Signed by Judge Analisa Torres on 12/21/2022) (kv) (Entered: 12/21/2022) |
| 12/22/2022 | 225 | MOTION for David O. Fisher to Withdraw as Attorney . Document filed by Set Capital LLC. (Attachments: # 1 Text of Proposed Order Granting Motion to Withdraw).(Fisher, David) (Entered: 12/22/2022) |
| 12/23/2022 | 226 | ORDER granting 225 Motion to Withdraw as Attorney. GRANTED. The Clerk of Court is directed to terminate David 0. Fisher from the docket. SO ORDERED. Attorney David O. Fisher terminated. (Signed by Judge Analisa Torres on 12/23/2022) (kv) (Entered: 12/23/2022) |
| 01/27/2023 | 227 | LETTER MOTION for Leave to File Sur−Reply Papers in Opposition to Plaintiffs' Motion for Class Action Certification addressed to Judge Analisa Torres from Herbert S. Washer dated January 27, 2023. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam. (Attachments: # 1 Exhibit 1 − Proposed Sur−Reply Memorandum of Law, # 2 Exhibit 2 − Proposed Declaration of Herbert S. Washer).(Washer, Herbert) (Entered: 01/27/2023) |
| 01/29/2023 | 228 | LETTER RESPONSE in Opposition to Motion addressed to Judge Analisa Torres from Michael Eisenkraft dated January 29, 2023 re: 227 LETTER MOTION for Leave to File Sur−Reply Papers in Opposition to Plaintiffs' Motion for Class Action Certification addressed to Judge Analisa Torres from Herbert S. Washer dated January 27, 2023. . Document filed by ACM Ltd., Nikolay Drozhzhinov, Aleksandr Gamberg, Stefan Jager, Set Capital LLC..(Eisenkraft, Michael) (Entered: 01/29/2023) |
| 01/31/2023 | 229 | REPLY MEMORANDUM OF LAW in Support re: 204 MOTION to Exclude Testimony of the Proposed Expert Opinions of Joshua Mitts . . Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam..(Washer, Herbert) (Entered: 01/31/2023) |
| 01/31/2023 | 230 | DECLARATION of Herbert S. Washer in Support re: 204 MOTION to Exclude Testimony of the Proposed Expert Opinions of Joshua Mitts .. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam. (Attachments: # 1 Exhibit 1 − November 29, 2022 deposition transcript, # 2 Exhibit 2 − January 27, 2023 expert sur−reply report of Terrence Hendershott, Ph.D., # 3 Exhibit 3 − Burford Capital Ltd. v. London Stock Exchange Group plc. decision, # 4 Exhibit 4 − December 16, 2022 rebuttal report of Professor |

| | | |
|---|---|---|
| | | Joshua Mitts, Ph.D., # 5 Exhibit 5 – July 1, 2022 expert report of Professor Joshua Mitts, Ph.D., # 6 Exhibit 6 – SEC v. Lek Securities Corp. expert report of Terrence Hendershott, Ph.D.).(Washer, Herbert) (Entered: 01/31/2023) |
| 02/01/2023 | 231 | LETTER RESPONSE in Opposition to Motion addressed to Judge Analisa Torres from Michael Eisenkraft dated February 1, 2023 re: 227 LETTER MOTION for Leave to File Sur–Reply Papers in Opposition to Plaintiffs' Motion for Class Action Certification addressed to Judge Analisa Torres from Herbert S. Washer dated January 27, 2023. *and* 229 *Defendants' Reply Brief in Further Support of Motion to Exclude the Proposed Expert Opinions of Professor Joshua Mitts.* Document filed by ACM Ltd., Nikolay Drozhzhinov, Aleksandr Gamberg, Stefan Jager, Set Capital LLC..(Eisenkraft, Michael) (Entered: 02/01/2023) |
| 02/02/2023 | 232 | ORDER denying 227 Letter Motion for Leave to File Document. Accordingly, Defendants' request to file a sur–reply is DENIED. To the extent Plaintiffs raise new arguments in their reply, the Court will not consider those arguments. See Ernst Haas Studio, Inc. v. Palm Press, Inc., 164 F.3d 110, 112 (2d Cir. 1999). The Clerk of Court is directed to terminate the motion at ECF No. 227. SO ORDERED.. (Signed by Judge Analisa Torres on 2/2/2023) (kv) (Entered: 02/02/2023) |
| 02/06/2023 | 233 | ORDER: In light of the close of fact discovery on February 28, 2023, the parties are directed to contact Courtroom Deputy Rachel Slusher by email at Rachel_Slusher@nysd.uscourts.gov to schedule a settlement conference if it would be productive at this time. Due to the Court's busy calendar, settlement conferences must generally be scheduled at least six to eight weeks in advance. The Court will likely be unable to accommodate last–minute requests for settlement conferences, and the parties should not anticipate that litigation deadlines will be adjourned in response to late requests for settlement conferences. (Signed by Magistrate Judge Sarah Netburn on 2/6/2023) (ras) (Entered: 02/06/2023) |
| 02/07/2023 | 234 | NOTICE OF APPEARANCE by Peretz Bronstein on behalf of ACM Ltd., Apollo Asset Ltd..(Bronstein, Peretz) (Entered: 02/07/2023) |
| 02/13/2023 | 235 | ORDER denying 198 Letter Motion to Seal. For the foregoing reasons, Defendants' motions, ECF Nos. 198, 203, are DENIED. By February 17, 2023, Defendants shall file unsealed and unredacted versions of ECF Nos. 199, 200, 205, and 206 on the public docket. The Clerk of Court is directed to terminate the motion at ECF No. 198. SO ORDERED.. (Signed by Judge Analisa Torres on 2/13/2023) (kv) (Entered: 02/13/2023) |
| 02/13/2023 | 236 | LETTER MOTION to Compel *Depositions and Unredacted Documents* addressed to Magistrate Judge Sarah Netburn from Laura H. Posner dated 2/13/2023. Document filed by Set Capital LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B).(Posner, Laura) (Entered: 02/13/2023) |
| 02/16/2023 | 237 | MEMORANDUM OF LAW in Opposition re: 178 MOTION to Certify Class . *[Unredacted Version of ECF No. 199].* Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam..(Washer, Herbert) (Entered: 02/16/2023) |
| 02/16/2023 | 238 | DECLARATION of Herbert S. Washer [Unredacted Version of ECF No. 200] in Opposition re: 178 MOTION to Certify Class .. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam. (Attachments: # 1 Exhibit A – Pricing Supplement, # 2 Exhibit B – Hendershott Report, # 3 Exhibit C – Jager Transcript, # 4 Exhibit D – Fredly Transcript, # 5 Exhibit E – Sylvester Transcript, # 6 Exhibit F – Gamburg Transcript, # 7 Exhibit G – Mitts Transcript, # 8 Exhibit H – Press Release, # 9 Exhibit I – Reuters Article, # 10 Exhibit J – Press Release, # 11 Exhibit K – Seeking Alpha Article, # 12 Exhibit L – Produced Document, # 13 Exhibit M – Document Request, # 14 Exhibit N – Expert Report).(Washer, Herbert) (Entered: 02/16/2023) |
| 02/16/2023 | 239 | MEMORANDUM OF LAW in Support re: 204 MOTION to Exclude Testimony of the Proposed Expert Opinions of Joshua Mitts . *[Unredacted Version of ECF No. 205].* Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam..(Washer, Herbert) (Entered: 02/16/2023) |

| | | |
|---|---|---|
| 02/16/2023 | <u>240</u> | DECLARATION of Herbert S. Washer [Unredacted Version of ECF No. 206] in Support re: <u>204</u> MOTION to Exclude Testimony of the Proposed Expert Opinions of Joshua Mitts .. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam. (Attachments: # <u>1</u> Exhibit A – Mitts Expert Report, # <u>2</u> Exhibit B – Mitts Transcript, # <u>3</u> Exhibit C – Burford Decision, # <u>4</u> Exhibit D – Hendershott Expert Report, # <u>5</u> Exhibit E – Set Capital Transcript, # <u>6</u> Exhibit F – Prospectus, # <u>7</u> Exhibit G – Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification).(Washer, Herbert) (Entered: 02/16/2023) |
| 02/16/2023 | <u>241</u> | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Sarah Netburn from Herbert S. Washer dated February 16, 2023 re: <u>236</u> LETTER MOTION to Compel *Depositions and Unredacted Documents* addressed to Magistrate Judge Sarah Netburn from Laura H. Posner dated 2/13/2023. . Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam. (Attachments: # <u>1</u> Exhibit 1 – Exhibit 159, # <u>2</u> Exhibit 2 – Spreadsheets, # <u>3</u> Exhibit 3 – XIV–Lit–001054197, # <u>4</u> Exhibit 4 – Arslan Transcript, # <u>5</u> Exhibit 5 – Aurmont Transcript).(Washer, Herbert) (Entered: 02/16/2023) |
| 02/22/2023 | <u>242</u> | LETTER MOTION to Compel Cboe to produce addressed to Magistrate Judge Sarah Netburn from Laura H. Posner dated February 22, 2023. Document filed by ACM Ltd., Nikolay Drozhzhinov, Aleksandr Gamberg, Stefan Jager, Set Capital LLC. (Attachments: # <u>1</u> Exhibit 1).(Posner, Laura) (Entered: 02/22/2023) |
| 02/22/2023 | 243 | ORDER granting in part and denying without prejudice in part <u>236</u> Letter Motion to Compel. The Court finds good cause to permit the deposition of Elana Rodger. The parties shall immediately work to find a mutually convenient date for her deposition. Plaintiffs' motion to compel the Rule 30(b)(6) deposition is denied without prejudice. Plaintiffs are directed to serve a proper Rule 30(b)(6) deposition notice by the end of business on February 23, 2023. The parties are directed to then meet and confer to determine if a reasonable compromise may be reached to conduct a single half–day deposition. If the parties are unable to resolve their dispute they may each simultaneously file a letter explaining their position. The letters shall not exceed two pages in length and may be filed no later than February 28, 2023. Finally, on the current record, the Court cannot assess Defendants' privilege invocation. Accordingly, Defendants are directed to produce for in camera inspection unredacted versions of exhibits A and B to Plaintiffs' February 13 letter as soon as possible. Defendants may send these documents to the Court by email at Netburn_NYSDChambers@nysd.uscourts.gov. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 02/22/2023) |
| 02/24/2023 | <u>244</u> | ORDER re: <u>236</u> LETTER MOTION to Compel *Depositions and Unredacted Documents* addressed to Magistrate Judge Sarah Netburn from Laura H. Posner dated 2/13/2023. filed by Set Capital LLC, <u>241</u> Response in Opposition to Motion,, filed by Credit Suisse AG, David R Mathers, Credit Suisse Group AG, Tidjane Thiam, Credit Suisse International. Plaintiffs' objection to Defendants privilege assertions over portions of two emails, detailed in the parties' letters at ECF Nos. 236 and 241, are overruled. The Court has conducted an in camera review of the challenged communications and determined that the redacted information is properly withheld on attorney client privilege grounds. SO ORDERED. (Signed by Magistrate Judge Sarah Netburn on 2/24/2023) (kv) (Entered: 02/24/2023) |
| 02/24/2023 | <u>245</u> | MOTION for Gregory M. Boyle to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–27389451. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Cboe Futures Exchange, LLC, BYX Exchange, BZX Exchange, EDGA Exchange, EDGX Exchange. (Attachments: # <u>1</u> Exhibit 1 – Declaration of Gregory M. Boyle, # <u>2</u> Exhibit 2 – Illinois Certificate of Good Standing, # <u>3</u> Text of Proposed Order – Proposed Order Granting Motion for Admission Pro Hac Vice).(Boyle, Gregory) (Entered: 02/24/2023) |
| 02/24/2023 | <u>246</u> | LETTER MOTION for Extension of Time to File Response/Reply *to Lead Plaintiff's Letter Motion to Compel* addressed to Magistrate Judge Sarah Netburn from Gregory M. Boyle dated February 24, 2023. Document filed by BYX Exchange, BZX Exchange, Cboe Futures Exchange, LLC, EDGA Exchange, EDGX Exchange..(Boyle, Gregory) (Entered: 02/24/2023) |

| | | |
|---|---|---|
| 02/27/2023 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 245 MOTION for Gregory M. Boyle to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-27389451. Motion and supporting papers to be reviewed by Clerk's Office staff. The document has been reviewed and there are no deficiencies. (sac) (Entered: 02/27/2023)** |
| 02/27/2023 | 247 | ORDER granting 246 Letter Motion for Extension of Time to File Response/Reply re 246 LETTER MOTION for Extension of Time to File Response/Reply *to Lead Plaintiff's Letter Motion to Compel* addressed to Magistrate Judge Sarah Netburn from Gregory M. Boyle dated February 24, 2023., 242 LETTER MOTION to Compel Cboe to produce addressed to Magistrate Judge Sarah Netburn from Laura H. Posner dated February 22, 2023. SO ORDERED. ( Responses due by 3/3/2023. Replies due by 3/8/2023.) (Signed by Magistrate Judge Sarah Netburn on 2/27/23) (yv) (Entered: 02/27/2023) |
| 02/27/2023 | 248 | LETTER RESPONSE to Motion addressed to Magistrate Judge Sarah Netburn from Herbert S. Washer dated February 27, 2023 re: 242 LETTER MOTION to Compel Cboe to produce addressed to Magistrate Judge Sarah Netburn from Laura H. Posner dated February 22, 2023. . Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam..(Washer, Herbert) (Entered: 02/27/2023) |
| 02/28/2023 | 249 | LETTER addressed to Magistrate Judge Sarah Netburn from Laura H. Posner dated 02/28/2023 re: Plaintiffs request for a Rule 30(b)(6) deposition Judge Sarah Netburn (ECF No. 243). Document filed by Set Capital LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit 90, # 4 Exhibit 133, # 5 Exhibit 138, # 6 Exhibit 148).(Posner, Laura) (Entered: 02/28/2023) |
| 02/28/2023 | 250 | LETTER addressed to Magistrate Judge Sarah Netburn from Herbert S. Washer dated February 28, 2023 re: Plaintiffs' Notice of Rule 30(b)(6) Deposition. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam. (Attachments: # 1 Exhibit A – Plaintiffs' Notice of Rule 30(b)(6) Deposition).(Washer, Herbert) (Entered: 02/28/2023) |
| 03/01/2023 | 251 | ORDER granting 245 Motion for Gregory M. Boyle to Appear Pro Hac Vice. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah) (Entered: 03/01/2023) |
| 03/01/2023 | 252 | ORDER Upon review of the parties' letters at ECF Nos. 236, 241, 249, and 250, the Court finds good cause to permit the Rule 30(b)(6) deposition of Credit Suisse, and that the disputed topics fall within the broad relevance standard in Fed. R. Civ. P. 26(b)(1). Accordingly, the deposition may cover Topic 1 and the entirety of Topic 2 as defined in Plaintiffs letter at ECF No. 249. SO ORDERED. (Signed by Magistrate Judge Sarah Netburn on 3/1/2023) (jca) (Entered: 03/01/2023) |
| 03/02/2023 | 253 | LETTER MOTION to Seal addressed to Magistrate Judge Sarah Netburn from Laura H. Posner dated 03/02/2023. Document filed by Set Capital LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit 90, # 4 Exhibit 133, # 5 Exhibit 138, # 6 Exhibit 148).(Posner, Laura) (Entered: 03/02/2023) |
| 03/03/2023 | 254 | ORDER granting 253 Letter Motion to Seal. (HEREBY ORDERED by Magistrate Judge Sarah Netburn) (Text Only Order) (ras) (Entered: 03/03/2023) |
| 03/03/2023 | 255 | LETTER RESPONSE to Motion addressed to Magistrate Judge Sarah Netburn from Gregory Boyle dated March 3, 2023 re: 242 LETTER MOTION to Compel Cboe to produce addressed to Magistrate Judge Sarah Netburn from Laura H. Posner dated February 22, 2023. . Document filed by BYX Exchange, BZX Exchange, Cboe Futures Exchange, LLC, EDGA Exchange, EDGX Exchange. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2).(Boyle, Gregory) (Entered: 03/03/2023) |
| 03/08/2023 | 256 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Sarah Netburn from Nicholas I Porritt dated March 8, 2023 re: 242 LETTER MOTION to Compel Cboe to produce addressed to Magistrate Judge Sarah Netburn from Laura H. Posner dated February 22, 2023. . Document filed by Apollo Asset Ltd, Aleksandr Gamberg, Stefan Jager, Set Capital LLC..(Porritt, Nicholas) (Entered: 03/08/2023) |
| 03/10/2023 | 257 | ORDER granting 242 Letter Motion to Compel. Plaintiffs' motion to compel Cboe's production of the identities of market participants identified in ECF No. 242 is |

| | | |
|---|---|---|
| | | GRANTED. The Clerk of Court is respectfully directed to terminate the gavel at ECF No. 242. (Signed by Magistrate Judge Sarah Netburn on 3/10/2023) (ras) (Entered: 03/10/2023) |
| 03/10/2023 | 258 | JOINT LETTER MOTION for Extension of Time *regarding modifying deadlines in the Third Amended Civil Case Management Plan* addressed to Magistrate Judge Sarah Netburn from Herbert S. Washer and Laura H. Posner dated March 10, 2023. Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam. (Attachments: # 1 Exhibit A – Proposed Fourth Amended Civil Case Management Plan).(Washer, Herbert) (Entered: 03/10/2023) |
| 03/14/2023 | 259 | FOURTH AMENDED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER granting in part and denying in part 258 Letter Motion for Extension of Time. All parties do not consent to conducting all further proceedings before a magistrate judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. This case is to be tried to a jury. Fact discovery shall be completed no later than April 14, 2023: Deposition due by 3/27/2023. Motions due by 4/21/2023. Defendants shall file any opposition to Plaintiffs' motion to amend no later than May 22, 2023. Plaintiffs shall file their reply brief no later than June 5, 2023. Counsel for the parties have conferred and their present best estimate of the length of trial is: two weeks. The parties' requested extensions are GRANTED in part and DENIED in part. Specifically, any motion to amend the complaint must be filed by April 21, 2023, and the identification of Plaintiffs' experts is due seven days after a decision on Plaintiffs' motion to amend.SO ORDERED. (Signed by Magistrate Judge Sarah Netburn on 3/14/23) (yv) (Entered: 03/14/2023) |
| 03/14/2023 | | Set/Reset Deadlines: Fact Discovery due by 4/14/2023. Responses due by 5/22/2023 Replies due by 6/5/2023. (yv) (Entered: 03/14/2023) |
| 03/16/2023 | 260 | ORDER granting in part and denying in part 178 Motion to Certify Class; denying 204 Motion re: 178 MOTION to Certify Class ., 204 MOTION to Exclude Testimony of the Proposed Expert Opinions of Joshua Mitts . For the foregoing reasons, the parties' motions are GRANTED in part, and DENIED in part. Specifically: 1. Defendants' motion to exclude Mitts' testimony is DENIED. 2. Plaintiffs' motion to certify the Securities Act Class is GRANTED. 3. Plaintiffs' motion to appoint class counsel of the Securities Act Class is GRANTED. 4. Plaintiffs' motion to certify the Misrepresentation Class is DENIED, without prejudice to refiling by alternative class representatives and counsel by May 15, 2023. 5. Plaintiffs' motion to certify the Manipulation Class is DENIED, without prejudice to refiling by alternative class representatives and counsel by May 15, 2023. The Clerk of Court is directed to change ACM Ltd. to Apollo Asset Limited in the case caption and to terminate the motions at ECF Nos. 178 and 204. SO ORDERED.. (Signed by Judge Analisa Torres on 3/16/2023) (kv) (Entered: 03/16/2023) |
| 03/22/2023 | 261 | NOTICE OF APPEARANCE by Tammy Lynn Roy on behalf of Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam..(Roy, Tammy) (Entered: 03/22/2023) |
| 03/22/2023 | 262 | NOTICE OF APPEARANCE by Edward Nathaniel Moss on behalf of Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam..(Moss, Edward) (Entered: 03/22/2023) |
| 03/22/2023 | 263 | NOTICE OF APPEARANCE by Ivan Torres on behalf of Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam..(Torres, Ivan) (Entered: 03/22/2023) |
| 03/30/2023 | 264 | MOTION for Reconsideration re; 260 Order on Motion to Certify Class, Order on Motion for Miscellaneous Relief,,,,,,, . Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam..(Washer, Herbert) (Entered: 03/30/2023) |
| 03/30/2023 | 265 | MEMORANDUM OF LAW in Support re: 264 MOTION for Reconsideration re; 260 Order on Motion to Certify Class, Order on Motion for Miscellaneous Relief,,,,,,, . . Document filed by Credit Suisse AG, Credit Suisse Group AG, Credit Suisse International, David R Mathers, Tidjane Thiam..(Washer, Herbert) (Entered: |

| | | |
|---|---|---|
| | | 03/30/2023) |
| 03/31/2023 | <u>266</u> | ORDER: On March 30, 2023, Defendants Credit Suisse Group AG, Credit Suisse AG, Credit Suisse International, Tidjane Thiam, and David R. Mathers filed a motion for reconsideration of the Courts order dated March 16, 2023, ECF No. 260. See ECF Nos. 26465. Accordingly, by April 21, 2023, Plaintiffs shall file their opposition. By May 5, 2023, Defendants shall file their reply, if any. SO ORDERED. (Signed by Judge Analisa Torres on 3/31/2023) ( Replies due by 5/5/2023., Responses due by 4/21/2023) (ks) (Entered: 03/31/2023) |